Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE.  Attach additional pages if necessary.*    11th Circuit Docket Number: _24-11069_____

| Caption: | District and Division: _Middle District of Alabama, Northern Division_ |
|---|---|
| Davita Key, Appellee/Plaintiff | Name of Judge: Emily C. Marks |
| v. | Nature of Suit: _____ See_Attached:_____ |
| Dynamic Security, Inc., | Date Complaint Filed: _10/10/2019_____ |
| Appellant/Defendant | District Court Docket Number: _2:19-cv-00767-ECM-SMD_ |

Date Notice of Appeal Filed: _04/05/2024_
☐ Cross Appeal   ☐ Class Action

Has this matter previously been before this court?
☐ Yes   ☑ No
If Yes, provide
(a)   Caption: _____
(b)   Citation: _____
(c)   Docket Number: _____

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant:<br>☐ Plaintiff<br>☑ Defendant<br>☐ Other (Specify) | Wesley C. Redmond<br>Susan W. Bullock<br>FordHarrison, LLP | 420 20th Street N.,<br>Ste. 2560<br>Birmingham, AL 35203 | 205-244-5904 (T)<br>205-244-5905 (T)<br>wredmond@fordharrison.com<br>sbullock@fordharrison.com |
| For Appellee:<br>☑ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Heather N. Leonard<br><br>Leslie Palmer | 2105 Devereaux Cir.,<br>Ste. 111,<br>Birmingham, AL 35243<br><br>104 23rd St. S.,Ste. 100,<br>Birmingham AL  35233 | 205-977-5421<br>heather@heatherleonardpc.com<br><br>205-285-3050<br>leslie@palmerlegalservices.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question | ☑ Final Judgment,<br>28 USC 1291 | ☐ Dismissal/Jurisdiction | Amount Sought by Plaintiff:<br>$ See attached:_____ |
| ☐ Diversity | ☐ Interlocutory Order,<br>28 USC 1292(a)(1) | ☐ Default Judgment | Amount Sought by Defendant:<br>$ |
| ☐ US Plaintiff | ☐ Interlocutory Order Certified,<br>28 USC 1292(b) | ☐ Summary Judgment | Awarded:<br>$ 826,658.16 |
| ☐ US Defendant | ☐ Interlocutory Order,<br>Qualified Immunity | ☐ Judgment/Bench Trial<br>☑ Judgment/Jury Verdict | to Plaintiff |
| | ☐ Final Agency Action (Review) | ☐ Judgment/Directed Verdict/NOV | Injunctions:<br>☐ TRO |
| | ☐ 54(b) | ☐ Injunction<br>☑ Other Rulings in pretrial and trial | ☐ Preliminary   ☐ Granted<br>☐ Permanent    ☐ Denied |

Page 2                                                                11th Circuit Docket Number: _24-11069_____

Based on your present knowledge:

(1)    Does this appeal involve a question of First Impression?    ☐ Yes    ☑ No
       What is the issue you claim is one of First Impression? _____

(2)    Will the determination of this appeal turn on the interpretation or application of a particular case or statute?    ☑ Yes    ☐ No

       If Yes, provide
       (a)  Case Name/Statute _See Attached:_____
       (b)  Citation _See Attached:_____
       (c)  Docket Number if unreported _____

(3)    Is there any case now pending or about to be brought before this court or any other court or administrative agency that
       (a)  Arises from substantially the same case or controversy as this appeal?    ☑ Yes    ☐ No
       (b)  Involves an issue that is substantially the same, similar, or related to an issue in this appeal?    ☐ Yes    ☐ No

       If Yes, provide
       (a)  Case Name _Davita Key, Appellant v. Dynamic Security, Inc., Hyundai ENG America, Inc., and Hyundai Motor Manufacturing Alabama, LLC, Appellees_
       (b)  Citation _____
       (c)  Docket Number if unreported _24-11126_____
       (d)  Court or Agency _11th Circuit Court of Appeals_____

(4)    Will this appeal involve a conflict of law
       (a)  Within the Eleventh Circuit?    ☐ Yes    ☑ No
       (b)  Among circuits?    ☐ Yes    ☑ No

       If Yes, explain briefly:

(5)    Issues proposed to be raised on appeal, including jurisdictional challenges:

       ## Please see attached for entire response:

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND

SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS 22nd_____ DAY OF April_____, __2024.

Wesley C. Redmond
_____          s/Wesley C. Redmond
           NAME OF COUNSEL (Print)                        _____
                                                                   SIGNATURE OF COUNSEL

Docket No. 24-11069

*Davita Key, Appellee/Plaintiff v. Dynamic Security, Inc., Appellant/Defendant*

Attachment to Civil Appeal Statement filed by Appellant Dynamic Security, Inc.

Nature of Suit: Plaintiff alleged Dynamic retaliated against her in violation of 42 U.S.C. § 1981 by terminating her employment after she complained she felt discriminated against on the basis of her hairstyle ("dreadlocks") and filed an EEOC Charge against Dynamic alleging she made multiple complaints including discrimination on the basis of her hairstyle.

Relief (Amount sought by Plaintiff): Plaintiff Davita Key sought $1,29816.00 in back pay (including the value of benefits) plus prejudgment interest, compensatory emotional distress damages, punitive damages, reinstatement, attorneys' fees, and costs. Plaintiff's bill of costs totals $15,381.84.

Relief (Amount awarded to Plaintiff): Plaintiff was awarded $100,594.16 in backpay inclusive of prejudgment interest; $214,864.00 in damages for emotional pain and mental anguish; and $511,200.00 in punitive damages. Plaintiff sought attorneys' fees and expenses, on which the Court postponed ruling until after resolution of the appeal. The trial court denied Plaintiff's demand for reinstatement.

(2)    Determination of this appeal will turn on the interpretation or application of the following particular cases or statutes:

(a)(b) *Equal Emp't Opportunity Comm'n v. Catastrophe Mgmt. Sols*., 852 F.3d 1018, 1030 (11th Cir. 2016).

(a)(b) *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295. 1311 (11th Cir. 2016).

(a)(b) *Coutu v. Martin County Board of Cty Comms.*, 47 F.3d 1068, 1074 (11th Cir. 1995).

(a)(b) 42 U.S.C. § 1981

(a)(b) Rule 1002, Fed. R. Evid.

(5)    Issues proposed to be raised on appeal:

1.    Did the trial court err in denying Dynamic Security, Inc.'s ("Dynamic") motion to strike the Plaintiff's jury demand because in light of evidence that the Plaintiff waived her right to a jury trial with her written acknowledgement of receipt of the employee handbook that contained

Docket No. 24-11069
*Davita Key, Appellee/Plaintiff v. Dynamic Security, Inc., Appellant/Defendant*
Attachment to Civil Appeal Statement filed by Appellant Dynamic Security, Inc.

an explicit jury waiver and her deposition testimony that she understood the meaning of having waived her right to a jury trial.

2.      Did Plaintiff assert her 42 U.S.C. § 1981 retaliation claim in Count V of the operative complaint (the sole claim at trial)  against Dynamic.

3.      Did sufficient evidence exist that the Plaintiff complained of race discrimination and thus engaged in protected activity.

4.      Did Plaintiff's complaint about discrimination due to her hair amount to protected activity under 42 USC Section 1981 where she did not mention race.

5.      Did sufficient evidence exist that the decision maker at Dynamic was aware of the Plaintiff's purported protected activity.

6.      Did the Court err in admitting as the sole evidence on which the Plaintiff relied to justify a good faith belief her complaints about her hairstyle were complaints of race discrimination the hearsay testimony as to the content of certain memoranda but did not require admission into evidence of the memoranda in violation of  Rule 1002, Fed. R. Evid. (the "Best Evidence Rule").

7.      Did sufficient evidence exist that the Plaintiff had a good faith belief that she was subjected to unlawful race discrimination.

8.      Did the trial court commit error by refusing to charge the jury: (a) that a prima facie case of race discrimination requires proof that the Plaintiff complained of race discrimination and that the decision maker knew of the complaints of race discrimination; and, (b) that Eleventh Circuit precedent in *Equal Emp't Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 (11th Cir. 2016) is a neutral grooming policy prohibiting dreadlocks does not constitute unlawful race discrimination.

9.      Did the trial court err by not ordering a new trial based on improper and misleading comments Plaintiff's counsel made to the jury during closing statements that (a) the grooming policy prevents blacks from

Docket No. 24-11069

*Davita Key, Appellee/Plaintiff v. Dynamic Security, Inc., Appellant/Defendant*

Attachment to Civil Appeal Statement filed by Appellant Dynamic Security, Inc.

wearing dreadlocks, (b) the grooming policy itself was race discrimination, and (c) the EEOC Charge was another form of protected activity and the basis for Plaintiff not being provided another position in violation of trial court's ruling on Dynamic's motion in limine.

10.    Did the trial court err in not reversing or remitting the emotional distress and/or punitive damages awarded to the Plaintiff.

11.    Did the trial court err in not remitting the punitive damages as constitutionally excessive.

12.    Did the trial court err in denying Dynamic's request that the jury verdict form ask if Plaintiff engaged in protected activity by complaining of race discrimination.