Appeal No. 24-11069
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

DAVITA KEY

Plaintiff/Appellee

v.

DYNAMIC SECURITY, INC.

Defendant/Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CASE NO.: 2:19-cv-767-ECM

CHIEF JUDGE EMILY C. MARKS, PRESIDING
_____

APPENDIX TO APPELLANT'S PRINCIPAL BRIEF - VOL. 1 OF 12
_____

Wesley C. Redmond
Susan W. Bullock
FORDHARRISION, LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
T (205) 244-5905/(205) 244-5904
F (205) 244-5901
Email: wredmond@fordharrison.com
Email: sbullock@fordharrison.com
*Counsel for Defendant/Appellant Dynamic Security, Inc.*

Appellant Dynamic Security, Inc., by and through its undersigned counsel of record, hereby files its Appendix to Appellant's Principal Brief comprised of 12 volumes containing the following contents in accordance with Rule 30(a)(1), Fed. R. App. P. and 11th Cir. Rules 30-1 and 30-2:

<u>INDEX OF APPENDIX</u>

| Volume | Description | Docket/Tab# |
|---|---|---|
| 1 | District Court Docket Sheet | A |
| | Oral Order Dated March 27, 2023, Denying Dynamic's First Motion in Limine (Doc. 156) | B |
| | Oral Order Dated March 27, 2023, Granting in Part and Denying in Part Dynamic's Fifth Motion in Limine (Doc. 160) | C |
| | Oral Order Dated March 28, 2023, Denying Dynamic's Motion for Judgment as a Matter of Law (Doc. 182) | D |
| | Oral Order Dated March 29, 2023, Denying Dynamic's Renewed Motion for Judgment as a Matter of Law (Doc. 183) | E |
| | Oral Order Dated March 27, 2023, Granting in Part and Denying in Part Dynamic Security's 3rd Motion in Limine (Doc. 158) | F |
| | Oral Order Dated March March 27, 2023, Denying Dynamic's 4th Motion in Limine (Doc. 159) | G |
| | Transcript of Pretrial Conference, Dated February 21, 2023 | H |
| 2 | Complaint filed by Davita M. Key against Dynamic Security, Inc.; Hyundai Engineering America, Inc., Hyundai Motor Manufacturing Alabama, LLC | 1 |

|   | (Attachments #1-1 to 1-3) and Demand for Trial by Jury by Davita M. Key (10/11/2019) |    |
|---|---|---|
|   | Motion to Dismiss for Failure to State a Claim by Dynamic Security, Inc. (with Attachment A (13-1), B (13-2), and C (13-3) (1/30/2020) | 13 |
|   | Davita Key's Response in Opposition to Defendants' Motions to Dismiss (5/20/20) | 24 |
|   | Amended Complaint against All Defendants (06/01/2020) | 28 |
|   | Dynamic Security's Motion to Dismiss Amended Complaint (6/15/20) | 32 |
|   | Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Plaintiff's First Amended Complaint (8/31/21) | 38 |
|   | Hyundai Motor Manufacturing Alabama, LLC's Answer to Plaintiff's First Amended Complaint (9/13/21) | 41 |
|   | Hyundai ENG America, Inc.'s Answer to Plaintiff's First Amended Complaint (9/14/21) | 42 |
|   | Dynamic Security's Answer and Defenses to Plaintiff's Amended Complaint (9/14/21) | 43 |
| 3 | Dynamic Security's Motion for Summary Judgment as to All Counts (10/12/22) | 73 |
|   | Dynamic Security's Memorandum of Law in Support of its Motion for Summary Judgment as to All Claims (10/12/22) | 74 |
| 4 | Dynamic Security's Evidentiary Submissions in Support of Its Motion for Summary Judgment as to All Counts (10/12/22) | 75 |
| 5 | Davita Key's Evidentiary Materials Submitted in Opposition to Defendants' Motions for Summary Judgment (11/03/22) | 81 |

| | | |
|---|---|---|
| 6 | Davita Key's Opposition to Defendants' Motions for Summary Judgment (11/03/22) | 82 |
| | Dynamic Security's Reply to Davita Key's Opposition to Defendants' Motion for Summary Judgment (11/14/22) | 87 |
| | Dynamic Security's Motion to Strike Jury Trial (12/27/22) | 89 |
| 7 | Davita Key's Response to Dynamic Security's Motion to Strike Jury Trial (1/19/23) | 91 |
| | Dynamic Security's Reply to Plaintiff's Opposition to Its Motion to Strike Jury Trial (1/26/23) | 103 |
| | Memorandum Opinion and Order Granting Hyundai Motor Manufacturing Alabama, LLC and Hyundai ENG America, Inc.'s Motions for Summary Judgment, and Granting in Part and Denying in Part Dynamic Security's Motion for Summary Judgment (2/10/23) | 138 |
| | Order Denying Dynamic Security's Motion to Strike Plaintiff's Jury Demand (2/21/23) | 147 |
| 8 | Dynamic Security's First Motion in Limine to Exclude Plaintiff's Testimony about Gloria Robinson's Alleged Comments About the Content of Memos Sent by "The Koreans" (2/28/23) | 156 |
| | Dynamic Security's Second Motion in Limine to Exclude Its Statement of Position Submitted to the EEOC (2/28/23) | 157 |
| | Dynamic Security's Third Motion in Limine to Exclude Evidence of Dismissed Claims (2/28/23) | 158 |
| | Dynamic Security's Fourth Motion in Limine to Exclude Questions Asked by Ray Cureton Related to Assignments for the Plaintiff (2/28/23) | 159 |
| | Dynamic Security's Fifth Motion in Limine to Exclude any Reference to Plaintiff Filing | 160 |

4

| | | |
|---|---|---|
| | an EEOC Charge Against Dynamic Security (2/28/23) | |
| | Dynamic Security's Proposed Jury Instructions (2/28/23) | 161 |
| | Order on Pretrial Hearing (3/24/23) | 178 |
| | Dynamic Security's Proposed Verdict Form (3/26/23) | 181 |
| | Dynamic Security's Motion for Judgment as a Matter of Law (3/28/23) | 182 |
| | Dynamic Security's Renewed Motion for Judgment as a Matter of Law (3/29/23) | 183 |
| | Closing Instructions to the Jury (3/29/23) | 184 |
| | Jury Verdict (3/29/23) | 185 |
| | Order and Judgment (3/30/23) | 186 |
| 9 | Jury Trial Transcript, Volume I of III (4/26/23) | 194 |
| | Jury Trial Transcript, Volume II of III (4/26/23) | 195 |
| | Jury Trial Transcript, Volume III of III (4/26/23) | 196 |
| 10 | Dynamic Security's Motion for Renewed Judgment as a Matter of Law as to Liability and Punitive Damages; to Vacate, Alter or Amend the Judgment; or, Alternatively, For New Trial or Remittitur of Emotional Distress and Punitive Damages (4/26/23) | 197 |
| | Plaintiff's Response In Opposition to Defendant Dynamic Security's Motion for Renewed Judgment As A Matter Of Law (6/27/23) | 206 |
| | Dynamic Security's Reply to Plaintiff's Response to Its Motion for Renewed Judgment As A Matter Of Law (7/10/23) | 211 |
| | Memorandum Opinion and Order Denying Dynamic Security's Motion for Renewed Judgment As A Matter Of Law (3/11/24) | 212 |
| | Dynamic Security's Notice of Appeal (4/05/24) | 217 |

| 11 | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Jury Trial completed on 3/29/2023 (PDF available for court use only). (Court Reporter Patricia Starkie.) (Attachments: # 1 Witness List, # 2 Court's Exhibit List, # 3 CX-1 (Conventionally filed), # 4 CX-2 (Conventionally filed), # 5 Plaintiff's Exhibit List, # 6 Plaintiff's Exhibits (Conventionally filed), # 7 Defendant's Exhibit List, # 8 Defendant's Exhibits (Conventionally filed)) dated March 28, 2023 (no PDF attached) | 187 (available for court use only) |
|---|---|---|
|  | Plaintiff's Exhibit List | 187-5 |
|  | Plaintiff's Exhibit 1 | 187-6-1 |
|  | Plaintiff's Exhibit 2 | 187-6-2 |
|  | Plaintiff's Exhibit 3 | 187-6-3 |
|  | Plaintiff's Exhibit 4 | 187-6-4 |
|  | Plaintiff's Exhibit 5 | 187-6-5 |
|  | Plaintiff's Exhibit 6 | 187-6-6 |
|  | Plaintiff's Exhibit 7 | 187-6-7 |
|  | Plaintiff's Exhibit 8 | 187-6-8 |
|  | Plaintiff's Exhibit 9 | 187-6-9 |
|  | Plaintiff's Exhibit 10 | 187-6-10 |
|  | Plaintiff's Exhibit 11 | 187-6-11 |
|  | Plaintiff's Exhibit 12 | 187-6-12 |
|  | Plaintiff's Exhibit 13 | 187-6-13 |
|  | Plaintiff's Exhibit 15 | 187-6-15 |
|  | Plaintiff's Exhibit 16 | 187-6-16 |
|  | Plaintiff's Exhibit 25 | 187-6-25 |
|  | Plaintiff's Exhibit 26 | 187-6-26 |
|  | Plaintiff's Exhibit 30 | 187-6-30 |
| 12 | Defendant's Exhibit List | 187-7 |
|  | Defendant's Exhibit 3 | 187-8-3 |
|  | Defendant's Exhibit 5 | 187-8-5 |
|  | Defendant's Exhibit 6 | 187-8-6 |
|  | Defendant's Exhibit 12 | 187-8-12 |
|  | Defendant's Exhibit 13 | 187-8-13 |
|  | Defendant's Exhibit 21 | 187-8-21 |

| | | |
|---|---|---|
| | Defendant's Exhibit 26 | 187-8-26 |
| | Defendant's Exhibit 37 | 187-8-37 |
| | Defendant's Exhibit 47 | 187-8-47 |
| | Defendant's Exhibit 50 | 187-8-50 |
| | Defendant's Exhibit 51 | 187-8-51 |
| | Defendant's Exhibit 52 | 187-8-52 |
| | Defendant's Exhibit 56 | 187-8-56 |
| | Defendant's Exhibit 57 | 187-8-57 |
| | Defendant's Exhibit 61 | 187-8-61 |
| | Defendant's Exhibit 67 | 187-8-67 |
| | Defendant's Exhibit 69 | 187-8-69 |
| | | |

CERTIFICATE OF SERVICE

I certify that, on Dec. 4, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Counsel for all parties registered as CM/ECF users will be served with the foregoing document by the Court's CM/ECF system.

/s/Wesley C. Redmond
OF COUNSEL

# Docket/Tab:
# A

APPEAL,CLOSED,ECM-Clerk5

# U.S. District Court
## Alabama Middle District (Montgomery)
### CIVIL DOCKET FOR CASE #: 2:19-cv-00767-ECM-SMD

Key v. Dynamic Security, Inc.                    Date Filed: 10/10/2019
Assigned to: Chief Judge Emily C. Marks          Date Terminated: 03/30/2023
Referred to: Magistrate Judge Stephen Michael Doyle    Jury Demand: Plaintiff
Case in other court:  24-11069-B                 Nature of Suit: 442 Civil Rights: Jobs
                      24-11126-B                 Jurisdiction: Federal Question
Cause: 42:2000 Job Discrimination

**Plaintiff**

**Davita M. Key**                    represented by    **Heather Newsom Leonard**
                                                       Heather Leonard, PC
                                                       2105 Devereux Circle; Suite 111
                                                       Birmingham, AL 35242
                                                       205-977-5421
                                                       Fax: 205-278-1400
                                                       Email: heather@heatherleonardpc.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Leslie Ann Palmer**
                                                       Palmer Law, LLC
                                                       104 23rd Street South
                                                       Suite 100
                                                       Birmingham, AL 35233
                                                       205-285-3050
                                                       Email: leslie@palmerlegalservices.com
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hyundai Motor Manufacturing Alabama,**    represented by    **David James Middlebrooks**
**LLC**                                                       Lehr Middlebrooks Vreeland & Thompson
*TERMINATED: 02/10/2023*                                      PC
                                                              PO Box 11945
                                                              Birmingham, AL 35202-1945
                                                              205-326-3002
                                                              Fax: 205-326-3008
                                                              Email:
                                                              dmiddlebrooks@lehrmiddlebrooks.com
                                                              *TERMINATED: 02/10/2023*
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Whitley Ryan Brown**
Lehr Middlebrooks Price & Vreeland, PC
2021 Third Avenue North
Birmingham, AL 35203
205-323-9274
Fax: 205-326-3008
Email: wbrown@lehrmiddlebrooks.com
*TERMINATED: 02/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hyundai Engineering America, Inc.**                represented by     **Cortlin Lee Bond**
*TERMINATED: 02/10/2023*                                        Bradley Arant Boult Cummings LLP
                                                                One Federal Pl - 1819 Fifth Ave N
                                                                Birmingham, AL 35203
                                                                205-521-8206
                                                                Fax: 205-521-8800
                                                                Email: cbond@bradley.com
                                                                *TERMINATED: 02/10/2023*
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Richard Leon DeWeese , Jr.**
                                                                DeWeese & Bae LLC
                                                                8191 Seaton Pl
                                                                Montgomery, AL 36117
                                                                334-239-7994
                                                                Email: richard@deweesebae.com
                                                                *TERMINATED: 01/14/2022*
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Sarahanne Young Vaughan**
                                                                Bradley Arant Boult Cummings
                                                                One Federal Pl; 1819 Fifth Ave N.
                                                                Birmingham, AL 35203-2119
                                                                205-521-8000
                                                                Fax: 205-521-8800
                                                                Email: svaughan@bradley.com
                                                                *TERMINATED: 02/10/2023*
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Thomas Matthew Miller**
                                                                Bradley Arant Boult Cummings LLP
                                                                One Federal Place; 1819 Fifth Avenue North
                                                                Birmingham, AL 35203-2119
                                                                205-521-8000
                                                                Fax: 205-521-8800
                                                                Email: mmiller@bradley.com
                                                                *TERMINATED: 02/10/2023*
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Yurie Yeoul Bae**
DeWeese & Bae LLC
3170 Parliament Cir
Suite B
Montgomery, AL 36116
334-239-7994
Email: yurie@deweesebae.com
*TERMINATED: 01/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dynamic Security, Inc.**                represented by    **Susan Ware Bullock**
Ford Harrison LLP
420 20th Street North; Suite 2560
Birmingham, AL 35203
205-244-5904
Fax: 205-244-5901
Email: sbullock@fordharrison.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wesley Clyde Redmond**
Ford Harrison, LLP
420 20th Street North; Suite 2560
Birmingham, AL 35203
205-244-5905
Fax: 404-244-5901
Email: wredmond@fordharrison.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Equal Employment Opportunity**         represented by    **Gerald Lee Miller**
**Commission**                                            U.S. Equal Employment Opportunity
Commission
Ridge Park Place- Suite 2000
1130 22nd Street, South
Birmingham, AL 35205
205-212-2047
Fax: 205-212-2041
Email: gerald.miller@eeoc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kurt Sethu Fischer**
United States Equal Employment
Opportunity Commission
EEOC, Birmingham District Office, Ridge
Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
205-212-2043

Fax: 205-212-2084
Email: kurt.fischer@eeoc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marsha Lynn Rucker**
EEOC-Birmingham District
1130 22nd Street South
Ridge Park Place
Birmingham, AL 35205
205-212-2046
Fax: 205-212-2041
Email: marsha.rucker@eeoc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/10/2019 | 1 | COMPLAINT against Dynamic Security, Inc., Hyundai Engineering America, Inc., Hyundai Motor Manufacturing Alabama, LLC ( Filing fee $ 400.00 receipt number 4602055239.), filed by Davita M. Key. (Attachments: # 1 EEOC Letter and Right to Sue Letter, # 2 Civil Cover Sheet, # 3 Filing Fee Receipt)(dmn, ) (Entered: 10/11/2019) |
| 10/10/2019 | | DEMAND for Trial by Jury by Davita M. Key. (dmn, ) (NO PDF, see Doc. 1 for pdf.) (Entered: 10/11/2019) |
| 10/10/2019 | 2 | Corporate/Conflict Disclosure Statement by Davita M. Key. (dmn, ) (Entered: 10/11/2019) |
| 10/15/2019 | 3 | **(VACATED PURSUANT TO THE COURT'S 26 ORDER) ORDER REFERRING CASE to Magistrate Judge Honorable Judge Stephen Michael Doyle for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. Signed by Chief Judge Emily C. Marks on 10/15/2019.(kh, )** Modified on 5/27/2020 (kh, ). (Entered: 10/15/2019) |
| 01/06/2020 | 4 | Summons Issued as to Dynamic Security, Inc., Hyundai Engineering America, Inc., Hyundai Motor Manufacturing Alabama, LLC., mailed CMRRR with copy of 1 Complaint. (cnw, ) (Entered: 01/06/2020) |
| 01/09/2020 | 5 | Return Receipt Card showing service of Summons and 1 Complaint signed by Jennifer Lockwood for Hyundai Engineering America, Inc. served on 1/7/2020, answer due 1/28/2020. (kh, ) (Entered: 01/09/2020) |
| 01/14/2020 | 6 | Return Receipt Card showing service of Summons and 1 Complaint signed by Gail Arrington for Dynamic Security, Inc. served on 1/9/2020, answer due 1/30/2020. (kh, ) (Entered: 01/14/2020) |
| 01/14/2020 | 7 | Return Receipt Card showing service of Summons and 1 Complaint signed by M.C. for Hyundai Motor Manufacturing Alabama, LLC served on 1/9/2020, answer due 1/30/2020. (kh, ) (Entered: 01/14/2020) |
| 01/27/2020 | 8 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Hyundai Engineering America, Inc.. (Bae, Yurie) (Entered: 01/27/2020) |
| 01/27/2020 | 9 | Corporate/Conflict Disclosure Statement by Hyundai Engineering America, Inc.. (Bae, Yurie) (Entered: 01/27/2020) |

| 01/30/2020 | 10 | NOTICE of Appearance by Whitney Ryan Brown on behalf of Hyundai Motor Manufacturing Alabama, LLC (Brown, Whitney) (Entered: 01/30/2020) |
| --- | --- | --- |
| 01/30/2020 | 11 | MOTION to Dismiss , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (Middlebrooks, David) (Entered: 01/30/2020) |
| 01/30/2020 | 12 | Corporate/Conflict Disclosure Statement by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 01/30/2020) |
| 01/30/2020 | 13 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Motion to Dismiss by Defendant Dynamic Security* by Dynamic Security, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bullock, Susan) (Entered: 01/30/2020) |
| 01/31/2020 | 14 | Corporate/Conflict Disclosure Statement by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 01/31/2020) |
| 01/31/2020 | 15 | **ORDER: Upon consideration of Defendant Hyundai Engineering America, Inc.'s Motion to Dismiss (Doc. 8 ); Defendant Hyundai Motor Manufacturing Alabama, LLC's Motion to Dismiss (Doc. 11 ); and Defendant Dynamic Security, Inc.s Motion to Dismiss (Doc. 13 ), it is ORDERED that, on or before February 21, 2020, Plaintiff shall file written responses showing cause why Defendants' Motions should not be dismissed. Plaintiff shall file separate responses to each of the motions. Further, it is ORDERED that Defendants may file replies to Plaintiff's responses on or before March 6, 2020. Signed by Honorable Judge Stephen Michael Doyle on 1/31/2020.(kh, ) (Entered: 01/31/2020)** |
| 02/18/2020 | 16 | MOTION for Extension of Time To Respond To Defendant's 13 Motion To Dismiss by Davita M. Key. (kh, ) (Entered: 02/19/2020) |
| 03/04/2020 | 17 | **ORDERED that the Motion (Doc. 16 ) is GRANTED. Plaintiff's deadline to show cause as to why Defendants' Motions to Dismiss (Docs. 8 , 13 ) should not be granted is extended to March 21, 2020. Signed by Honorable Judge Stephen Michael Doyle on 3/4/2020. (kh, ) (Entered: 03/04/2020)** |
| 03/06/2020 | 18 | MOTION for Extension of Deadline to Reply to Plaintiff's Responses to their Respective Motions to Dismiss by Hyundai Motor Manufacturing Alabama, LLC by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 03/06/2020) |
| 03/06/2020 | 19 | **ORDER: Upon consideration of Defendants HMMA's and HEA's Motion to Extend Time to Reply to Respond to Plaintiff's Responses to Their Respective Motions to Dismiss (Doc. 18 ), it is ORDERED that the Motion (Doc. 18 ) is GRANTED. Defendants may file replies to Plaintiff's response(s) to Defendants' Motions to Dismiss on or before April 6, 2020.Signed by Honorable Judge Stephen Michael Doyle on 3/6/2020. (kh, ) (Entered: 03/06/2020)** |
| 03/09/2020 | 20 | MOTION for Extension of Time To Respond To Defendant's Motion to Dismiss by Davita M. Key. (Attachments: # 1 Supporting Document)(kh, ) (Entered: 03/10/2020) |
| 03/10/2020 | 21 | **ORDER: Upon consideration of Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (Doc. 20 ), it is ORDERED that the Motion (Doc. 20 ) is GRANTED. Plaintiff may file a response to Defendants' Motion to Dismiss on or before May 20, 2020. Defendants may reply to Plaintiff's response on or before June 3, 2020. Signed by Honorable Judge Stephen Michael Doyle on 3/10/2020. (kh, ) (Entered: 03/10/2020)** |

| | | |
|---|---|---|
| 05/20/2020 | 22 | NOTICE of Appearance by Heather Newsom Leonard on behalf of Davita M. Key (Leonard, Heather) (Entered: 05/20/2020) |
| 05/20/2020 | 23 | MOTION to Amend/Correct 1 Complaint, by Davita M. Key. (Attachments: # 1 Exhibit 1 - Proposed Amended Complaint)(Leonard, Heather) (Entered: 05/20/2020) |
| 05/20/2020 | 24 | RESPONSE in Opposition re 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Motion to Dismiss by Defendant Dynamic Security*, 11 MOTION to Dismiss MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Davita M. Key. (Leonard, Heather) (Entered: 05/20/2020) |
| 05/20/2020 | 25 | NOTICE of Appearance by Leslie Ann Palmer on behalf of Davita M. Key (Palmer, Leslie) (Entered: 05/20/2020) |
| 05/27/2020 | 26 | **ORDERED that the Court's Order of Referral, dated October 15, 2019 (doc. 3 ), is VACATED. Signed by Chief Judge Emily C. Marks on 5/27/2020. (kh, )** (Entered: 05/27/2020) |
| 05/27/2020 | | Motions No Longer Referred: 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Motion to Dismiss by Defendant Dynamic Security*, 11 MOTION to Dismiss MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 23 MOTION to Amend/Correct 1 Complaint, , 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (kh, ) (Entered: 05/27/2020) |
| 05/29/2020 | 27 | **ORDERED that the Plaintiff's motion (doc. 23 ) is GRANTED. It is further ORDERED that the Plaintiff shall file her amended complaint on or before June 5, 2020 in compliance with this Court's local rules. See L.R.M.D.Ala.15.1. Signed by Chief Judge Emily C. Marks on 5/29/2020. (kh, )** (Entered: 05/29/2020) |
| 06/01/2020 | 28 | AMENDED COMPLAINT against All Defendants, filed by Davita M. Key.(Palmer, Leslie) (Entered: 06/01/2020) |
| 06/02/2020 | 29 | **ORDER: it is ORDERED that the Defs' motions to dismiss (doc. 8 ); (doc. 11 ); (doc. 13 ), are DENIED as moot. Signed by Chief Judge Emily C. Marks on 6/2/2020. (Attachments: # 1 Civil Appeals Checklist) (cwl, )** (Entered: 06/02/2020) |
| 06/12/2020 | 30 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 06/12/2020) |
| 06/15/2020 | 31 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Hyundai Engineering America, Inc.. (Bae, Yurie) (Entered: 06/15/2020) |
| 06/15/2020 | 32 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Dynamic Security, Inc.. (Attachments: # 1 Exhibit Exhibit A)(Bullock, Susan) (Entered: 06/15/2020) |
| 06/15/2020 | | ***PURSUANT TO THE 31 MOTION - Attorney Richard Leon DeWeese, Jr for Hyundai Engineering America, Inc. added. (No pdf attached to this entry) (cwl, ) (Entered: 06/16/2020) |
| 06/15/2020 | | ***PURSUANT TO THE 32 MOTION - Attorney Wesley Clyde Redmond for Dynamic Security, Inc. added. (no pdf attached to this entry) (cwl, ) (Entered: 06/16/2020) |
| 06/17/2020 | 33 | **ORDER: Now pending before the Court are the Defendants' Motions to Dismiss. (Doc. 30 ) (Doc. 31 ); (Doc. 32 ). Upon consideration of the motions and for good cause, it is ORDERED that on or before July 8, 2020, the Plaintiff shall show cause why the Defendants' motions (docs. 30 , 31 & 32 ), should not be granted. The Defendants may file replies on or before July 15, 2020. Signed by Chief Judge Emily C. Marks on 6/17/2020. (kh, )** (Entered: 06/17/2020) |

| | | |
|---|---|---|
| 07/08/2020 | 34 | RESPONSE in Opposition re 30 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 32 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 31 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Davita M. Key. (Palmer, Leslie) (Entered: 07/08/2020) |
| 07/15/2020 | 35 | REPLY to Response to Motion re 30 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 07/15/2020) |
| 07/15/2020 | 36 | REPLY to Response to Motion re 30 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 32 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 07/15/2020) |
| 07/15/2020 | 37 | REPLY to Response to Motion re 31 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Hyundai Engineering America, Inc.. (Bae, Yurie) (Entered: 07/15/2020) |
| 08/31/2021 | 38 | **MEMORANDUM OPINION AND ORDER: it is ORDERED as follows: 1) Defendant HMMA's 30 motion to dismiss, is DENIED in its entirety; 2) Defendant HEA's 31 motion to dismiss, is GRANTED with respect to the Plaintiff's Title VII claims contained in Counts 1, 2, and 4; The motion is DENIED with respect the Plaintiff's 1981 claims contained in Counts 3 and 5; and 3) Defendant Dynamic's 32 motion to dismiss, is DENIED in its entirety, as further set out in Order. Signed by Chief Judge Emily C. Marks on 8/31/2021. (am, )** (Main Document 38 replaced on 8/31/2021 to correct heading in main pdf previously attached by clerk's office) (am, ). (Entered: 08/31/2021) |
| 08/31/2021 | 39 | NOTICE of Correction re 38 Memorandum Opinion and Order to correct the case caption only. (Attachments: # 1 Corrected Main Document 38 )(am, ) (Entered: 08/31/2021) |
| 09/01/2021 | 40 | **Rule 26(f) ORDER: DIRECTING that that the FED.R.CIV.P. 26(f) report containing the discovery plan shall be filed as soon as practicable but not later than 9/22/2021, as further set out in Order. Signed by Chief Judge Emily C. Marks on 9/1/2021. (am, )** (Entered: 09/01/2021) |
| 09/13/2021 | 41 | ANSWER to 28 Amended Complaint by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 09/13/2021) |
| 09/14/2021 | 42 | ANSWER to 28 Amended Complaint by Hyundai Engineering America, Inc..(Bae, Yurie) (Entered: 09/14/2021) |
| 09/14/2021 | 43 | ANSWER & Defenses 28 Amended Complaint by Dynamic Security, Inc..(Bullock, Susan) Modified on 9/15/2021 to clarify text as reflected in pleading (am, ). (Entered: 09/14/2021) |
| 09/22/2021 | 44 | MOTION for Extension of Time to File *Report of Parties' Planning Meeting* by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 09/22/2021) |
| 09/23/2021 | 45 | **TEXT ORDER: GRANTING the 44 MOTION for Extension of Time to File Report of Parties' Planning Meeting. Signed by Chief Judge Emily C. Marks on 9/23/2021. (NO PDF attached to this entry)(am, )** (Entered: 09/23/2021) |
| 09/23/2021 | 46 | REPORT of Rule 26(f) Planning Meeting. (Palmer, Leslie) (Entered: 09/23/2021) |
| 09/23/2021 | 47 | Joint MOTION for Protective Order by Davita M. Key, Hyundai Motor Manufacturing Alabama, LLC, Hyundai Engineering America, Inc., & Dynamic Security, Inc.. (Attachments: # 1 Text of Proposed Order)(Leonard, Heather) Modified on 9/24/2021 to add filers (am, ). (Entered: 09/23/2021) |

| | | |
|---|---|---|
| 09/24/2021 | 48 | **PRIVACY PROTECTIVE ORDER: GRANTING the 47 Joint Motion for Protective Order, as further set out in Order. Signed by Honorable Judge Stephen Michael Doyle on 9/24/2021. (am, )** (Entered: 09/24/2021) |
| 11/08/2021 | 49 | **ORDER: it is ORDERED that this matter is SET for a hearing by status and scheduling conference on 11/19/2021 at 11:00 a.m. in Courtroom 2A, US Courthouse Complex, One Church Street, Montgomery, AL; DIRECTING the Clerk to provide a court reporter for this proceeding. Signed by Chief Judge Emily C. Marks on 11/8/2021. (Furnished: Calendar & WS)(am, )** (Entered: 11/08/2021) |
| 11/19/2021 | 50 | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Status Conference held on 11/19/2021 (PDF available for court use only). (Court Reporter Katie Sears Silas.) (ws, ) (Entered: 11/19/2021) |
| 11/19/2021 | 51 | **UNIFORM SCHEDULING ORDER: Final Pretrial Conference set for 9/22/2022, at 2:30 PM, in Courtroom 2A, before Chief Judge Emily C. Marks; Jury Selection & Trial set for 11/14/2022, at 10:00 AM, in Montgomery, AL, before Chief Judge Emily C. Marks; Amended Pleadings due by 2/4/2022; Discovery due by 4/25/2022; Mediation Notice due by 4/30/2022; Dispositive and Daubert Motions due by 5/25/2022; Proposed Pretrial Order due by 9/15/2022, as further set out in order. Signed by Chief Judge Emily C. Marks on 11/19/2021. (Furnished: Calendar & WS) (amf, )** (Entered: 11/19/2021) |
| 01/13/2022 | 52 | MOTION to Substitute Attorney by Hyundai Engineering America, Inc., construed as a Motion to Withdraw Counsel pursuant to the Court's 53 Order. (Miller, Thomas) Modified on 1/14/2022 (am, ). (Entered: 01/13/2022) |
| 01/13/2022 | | ***PURSUANT TO THE 52 MOTION - Attorney Cortlin Lee Bond for Hyundai Engineering America, Inc. added. (NO PDF attached to this entry) (am, ) (Entered: 01/13/2022) |
| 01/14/2022 | 53 | **ORDER: Construing the 52 Motion to Substitute Counsel as a Motion to Withdraw as Counsel; GRANTING the 52 Motion to Withdraw; DIRECTING Defendant's new counsel to file a notice of appearance in this matter. Signed by Chief Judge Emily C. Marks on 1/14/2022. (am, )** (Entered: 01/14/2022) |
| 01/14/2022 | | *** PURSUANT TO THE COURT'S 53 ORDER - Attorney Yurie Yeoul Bae and Richard Leon DeWeese, Jr terminated. (NO PDF attached to this entry) (am, ) (Entered: 01/14/2022) |
| 01/14/2022 | 54 | NOTICE of Appearance by Thomas Matthew Miller on behalf of Hyundai Engineering America, Inc. (Miller, Thomas) (Entered: 01/14/2022) |
| 01/14/2022 | 55 | NOTICE of Appearance by Cortlin Lee Bond on behalf of Hyundai Engineering America, Inc. (Bond, Cortlin) (Entered: 01/14/2022) |
| 03/28/2022 | 56 | MOTION to Amend 51 Scheduling Order by Davita M. Key. (Leonard, Heather) Modified on 3/28/2022 to clarify text as reflected in pleading (am, ). (Entered: 03/28/2022) |
| 03/28/2022 | 57 | **ORDER it is ORDERED that the 56 motion to amend is GRANTED; It is further ordered as follows: The pretrial conference presently scheduled for 9/22/2022, is RESET to 2/2/2023, @ 11:00 a.m. in the Courtroom 2A, FMJ US Courthouse, Montgomery, AL; DIRECTING the parties to jointly prepare a Proposed Pretrial Order due on or before 1/26/2023; This cause, presently set for jury selection and trial during the term of court commencing on 11/14/2022, is hereby RESET to the trial term commencing on 3/27/2023, @ 10:00 a.m. in Montgomery, AL; Dispositive & Daubert Motions due by 10/5/2022; Mediation Notice not more than 5 days after** |

| | | |
|---|---|---|
| | | **the Settlement Conference; Discovery Cutoff due on or before 9/2/2022, as further set out in Order. Signed by Chief Judge Emily C. Marks on 3/28/2022. (Furnished: Calendar & WS; Terminates: PTC - 9/22/2022; Jury Selection & Jury Trial - 11/14/2022)(am, )** (Entered: 03/28/2022) |
| 04/12/2022 | 58 | NOTICE of Appearance by Kurt Fischer on behalf of by Equal Employment Opportunity Commission (Fischer, Kurt) (Entered: 04/12/2022) |
| 04/12/2022 | 59 | MOTION to Quash *Subpoena* by Equal Employment Opportunity Commission. (Attachments: # 1 Exhibit Ex A: Defendant HMMA's Subpoena to EEOC, # 2 Exhibit Ex B: Defendant HMMA's Ltr to EEOC dated March 30, 2022)(Fischer, Kurt) (Entered: 04/12/2022) |
| 04/12/2022 | 60 | **TEXT ORDER TO SHOW CAUSE: Upon consideration of the 59 Motion to Quash Subpoena filed by non-party Equal Employment Opportunity Commission, it is ORDERED that, on or before 4/15/2022, Dft Hyundai Motor Manufacturing, LLC, shall show cause, if any there be, why the Motion should not be granted. Signed by Honorable Judge Stephen Michael Doyle on 4/12/2022. (No pdf attached to this entry) (wcl, )** (Entered: 04/12/2022) |
| 04/12/2022 | | ***PURSUANT TO THE 59 MOTION - Attorney Marsha Lynn Rucker and Gerald Lee Miller for Equal Employment Opportunity Commission added. (No pdf attached to this entry) (wcl, ) (Entered: 04/12/2022) |
| 04/12/2022 | | MEMORANDUM in Support of 59 MOTION to Quash *Subpoena* filed by Equal Employment Opportunity Commission. (NO PDF - See doc 59 ) (am, ) (Entered: 04/15/2022) |
| 04/15/2022 | 61 | RESPONSE to Motion re 59 MOTION to Quash *Subpoena* filed by Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Brown, Whitney) (Entered: 04/15/2022) |
| 04/19/2022 | 62 | **ORDER: it is ORDERED that the Board's 59 Motion to Quash is DENIED, as further set out in Order. Signed by Honorable Judge Stephen Michael Doyle on 4/19/2022. (am, )** (Entered: 04/19/2022) |
| 08/19/2022 | 63 | MOTION to Take Depositions of Cassandra Williams/Hyundai Engineering America, Inc.'s 30(B)(6) Deponent Outside of the Discovery Deadline *on September 6, 2022* by Davita M. Key. (Leonard, Heather) Modified on 8/22/2022 to reflect actual title. (dmn, ) (Entered: 08/19/2022) |
| 08/22/2022 | 64 | **ORDER: Now pending before the Court is Plaintiff Davita M. Key's motion to take depositions outside of the discovery deadline (doc. 63 ) filed on 8/19/2022. Upon consideration of the motion, and for good cause, it is ORDERED that the motion (doc. 63 ) is GRANTED to the extent that the discovery deadline is extended to 9/9/2022, for the sole purpose of taking the deposition of Cassandra Williams. It is further ORDERED that the dispositive motion deadline is extended to 10/12/2022. Signed by Chief Judge Emily C. Marks on 8/22/2022. (dmn, )** (Entered: 08/22/2022) |
| 09/15/2022 | 65 | Notice of Mediation and Settlement Conference by Davita M. Key (Leonard, Heather) (Entered: 09/15/2022) |
| 10/12/2022 | 66 | MOTION for Summary Judgment by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 10/12/2022) |
| 10/12/2022 | 67 | BRIEF/MEMORANDUM in Support re 66 MOTION for Summary Judgment filed by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 10/12/2022) |

| | | |
|---|---|---|
| 10/12/2022 | 68 | Evidentiary Submission re 66 MOTION for Summary Judgment , 67 BRIEF/MEMORANDUM in Support filed by Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # 1 Exhibit 1 - Declaration of R. Burns, # 2 Exhibit 2 - Depo Transcript of R. Burns, # 3 Exhibit 3 - Depo Transcript of K. Riddle, # 4 Exhibit 4 - Depo Transcript of S. Piers, # 5 Exhibit 5 - Declaration of G. Robinson, # 6 Exhibit 6 - Depo Transcript of C. Williams, # 7 Exhibit 7 - HEA's Response - RFA#2, # 8 Exhibit 8 - SOS Records Hyundai ENG, # 9 Exhibit 9 - SOS Records HEA, # 10 Exhibit 10 - SOS Records HMMA, # 11 Exhibit 11 - SOS "Hyundai" Word Search, # 12 Exhibit 12 - Plf's Depo Transcript (1 of 2), # 13 Exhibit 12 - Plf's Depo Transcript (2 of 2), # 14 Exhibit 13 - Declaration of C. Williams, # 15 Exhibit 14 - Plf's Second Supp Response to HMMA RFP #8)(Brown, Whitney) (Entered: 10/12/2022) |
| 10/12/2022 | 69 | MOTION for Summary Judgment by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 10/12/2022) |
| 10/12/2022 | 70 | BRIEF/MEMORANDUM in Support re 69 MOTION for Summary Judgment *Hyundai ENG America, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment* filed by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 10/12/2022) |
| 10/12/2022 | | ***PURSUANT TO THE 69 MOTION - Attorney Sarahanne Young Vaughan for Hyundai Engineering America, Inc. added. (No PDF attached to this entry) (bes, ) (Entered: 10/12/2022) |
| 10/12/2022 | 71 | Evidentiary Submission re 70 BRIEF/MEMORANDUM in Support, 69 MOTION for Summary Judgment - *Hyundai ENG America, Inc.'s Evidentiary Submission in Support of its Motion for Summary Judgment* filed by Hyundai Engineering America, Inc.. (Attachments: # 1 Exhibit 1_Part01 - Deposition of Davita Key, # 2 Exhibit 1_Part02 - Deposition of Davita Key, # 3 Exhibit 1_Part03 - Deposition of Davita Key, # 4 Exhibit 1_Part04 - Deposition of Davita Key, # 5 Exhibit 1_Part05 - Deposition of Davita Key, # 6 Exhibit 1_Part06 - Deposition of Davita Key, # 7 Exhibit 1_Part07 - Deposition of Davita Key, # 8 Exhibit 1_Part08 - Deposition of Davita Key, # 9 Exhibit 1_Part09 - Deposition of Davita Key, # 10 Exhibit 1_Part10 - Deposition of Davita Key, # 11 Exhibit 1_Part11 - Deposition of Davita Key, # 12 Exhibit 1_Part12 - Deposition of Davita Key, # 13 Exhibit 2 - Deposition of Cassandra Williams, # 14 Exhibit 3 - Declaration of Cassandra Williams)(Miller, Thomas) (Entered: 10/12/2022) |
| 10/12/2022 | 72 | MOTION for Leave to File *Supplemental Brief* by Hyundai Motor Manufacturing Alabama, LLC. (Middlebrooks, David) (Entered: 10/12/2022) |
| 10/12/2022 | 73 | MOTION for Summary Judgment by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 10/12/2022) |
| 10/12/2022 | 74 | BRIEF/MEMORANDUM in Support re 73 MOTION for Summary Judgment filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 10/12/2022) |
| 10/12/2022 | 75 | Evidentiary Submission re 73 MOTION for Summary Judgment , 74 BRIEF/MEMORANDUM in Support filed by Dynamic Security, Inc.. (Attachments: # 1 Exhibit Deposition Transcript of Plaintiff Davita Key, # 2 Exhibit Dynamic Pre-Employment Screening Form, # 3 Exhibit Plaintiffs Check Stub from Dynamic, # 4 Exhibit July 21, 2017, email from Gloria Robinson to Plaintiff, # 5 Exhibit HEA Appearance Standards for Security Personnel, # 6 Exhibit HMMA PPE and Dress Code Matrix, # 7 Exhibit Dynamic Acknowledgement and Receipt of Employee Handbook, # 8 Exhibit HEA Employee Handbook, # 9 Exhibit HMMA Contractor Safety, Security, and Fire Protection Handbook, # 10 Exhibit EEOC Intake Questionnaire - HMMA, # 11 Exhibit Dynamic EEOC Charge, # 12 Exhibit HMMA EEOC Charge, # 13 Exhibit Handwritten letter from Plaintiff to EEOC dated August 8, 2017, # 14 Exhibit Plaintiff's |

| | | |
|---|---|---|
| | | complaint of discrimination, # [15] Exhibit Dynamics Security Officer's Manual Acknowledgement, # [16] Exhibit Signed acknowledgement of Dynamics Harassment Policy, # [17] Exhibit Signed acknowledgement of Dynamics Rules and Regulations, # [18] Exhibit Dynamic Dismissal and Notice of Right to Sue, # [19] Exhibit EEOC HMMA Letter of Determination, # [20] Exhibit EEOC Letter to Plaintiff and HMMA, # [21] Exhibit HMMA Notice of Right to Sue, # [22] Exhibit Rebuttal Letter from Plaintiff to EEOC, # [23] Exhibit Letter from Plaintiff to Alabama DOL, # [24] Exhibit Deposition Transcript of Cassandra Williams, # [25] Exhibit Deposition Transcript of Ray Curenton, # [26] Exhibit Deposition Transcript of Dynamic - Riddle, # [27] Exhibit Deposition Transcript of Dynamic - Spires, # [28] Exhibit Deposition Transcript of HMMA - Burns, # [29] Exhibit HEA Appearance Standards for Security Contractors, # [30] Exhibit Internal Dynamic Email Attaching Notice of Right to Sue, # [31] Exhibit Postmarked Envelope from EEOC to Dynamic, # [32] Exhibit Exhibits to Deposition Transcript of Ray Curenton Part 1 of 2, # [33] Exhibit Exhibits to Deposition Transcript of Ray Curenton Part 2 of 2)(Bullock, Susan) (Entered: 10/12/2022) |
| 10/13/2022 | [76] | **ORDER TO SHOW CAUSE, by the PLF, as to why the [66] , [69] , & [73] Motions for Summary Judgment filed by Hyundai Engineering America, Inc. should not be granted; Show Cause Response due by 11/3/2022; further ORDERED that the Dfts may file replies to the Plf's responses on or before 11/10/2022. Signed by Chief Judge Emily C. Marks on 10/13/2022. (bes, )** (Entered: 10/13/2022) |
| 10/13/2022 | [77] | **(VACATED PURSUANT TO THE COURT'S [78] ORDER) ORDER TO SHOW CAUSE, by the PLF, as to why the [72] Motion for Leave to File Supplemental Brief filed by Hyundai Motor Manufacturing Alabama, LLC should not be granted; Show Cause Response due by 11/20/2022. Signed by Chief Judge Emily C. Marks on 10/13/2022.** (bes, ) Modified on 10/18/2022 (es, ). (Entered: 10/13/2022) |
| 10/18/2022 | [78] | **ORDER: it is ORDERED that the [77] Order dated 10/13/2022, is VACATED; it is ORDERED that on or before 10/25/2022, the Plaintiff shall show cause why the [72] motion should not be granted. Signed by Chief Judge Emily C. Marks on 10/18/2022. (es, )** (Entered: 10/18/2022) |
| 10/25/2022 | [79] | RESPONSE in Opposition re [72] MOTION for Leave to File *Supplemental Brief* filed by Davita M. Key. (Attachments: # [1] Exhibit 1 - HMMA's Rule 26 Disclosures, # [2] Exhibit 2 - HMMA's Interrogatory Answers)(Leonard, Heather) (Entered: 10/25/2022) |
| 10/27/2022 | [80] | **ORDER: it is ORDERED that Dft's [72] Motion for Leave to File Supplemental Brief is DENIED without prejudice with leave to refile. Signed by Chief Judge Emily C. Marks on 10/27/2022. (bes, )** (Entered: 10/27/2022) |
| 11/03/2022 | [81] | Evidentiary Submission re [73] MOTION for Summary Judgment , [69] MOTION for Summary Judgment , [66] MOTION for Summary Judgment filed by Davita M. Key. (Attachments: # [1] Exhibit 1 - HMMA's Rule 26 Disclosures, # [2] Exhibit 2 - HMMA's Interrogatory Answers, # [3] Exhibit 3 - HMMA's RPD Responses, # [4] Exhibit 4 - Email Composite, # [5] Exhibit 5 - Howell Statement, # [6] Exhibit 6 - HEA 30(b)(6) Notice, # [7] Exhibit 7 - Robinson Memo, # [8] Exhibit 8 - Williams Email, # [9] Exhibit 9 - HMMA Safety Handbook, # [10] Exhibit 10 - Robinson Email, # [11] Exhibit 11 - Unemployment Hearing Transcript, # [12] Exhibit 12 - Invoices, # [13] Exhibit 13 - Dynamic Security's EEOC Position Statement, # [14] Exhibit 14 - Notice of Charge to HMMA, # [15] Exhibit 15 - HMMA Mailroom Duties, # [16] Exhibit 16 - Williams Email re EEOC Filings, # [17] Exhibit 17 - Email re Causing Finding, # [18] Exhibit 18 - Email re Key's Unemployment, # [19] Exhibit 19 - Key Declaration, # [20] Exhibit 20 - Peoples July 31 Email)(Leonard, Heather) (Entered: 11/03/2022) |
| 11/03/2022 | [82] | BRIEF/MEMORANDUM in Opposition re [68] Evidentiary Submission,,, [70] BRIEF/MEMORANDUM in Support, [66] MOTION for Summary Judgment , [73] |

| | | |
|---|---|---|
| | | MOTION for Summary Judgment , 71 Evidentiary Submission,,,,,,,,,, Submission,,,,,,,,,, 69 MOTION for Summary Judgment , 67 BRIEF/MEMORANDUM in Support, 74 BRIEF/MEMORANDUM in Support filed by Davita M. Key. (Palmer, Leslie) (Entered: 11/03/2022) |
| 11/09/2022 | 83 | MOTION for Extension of Time to File Response/Reply as to 82 BRIEF/MEMORANDUM in Opposition, *Defendant Dynamic Security, Inc.'s Motion for Enlargement of Time to File Reply to Plaintiff's Opposition to Its Motion for Summary Judgment* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 11/09/2022) |
| 11/10/2022 | 84 | **TEXT ORDER granting 83 Motion for Extension of Time; the deadline for Dft Dynamic Security, Inc. to file a reply to Plf's Opposition to its Motion for Summary Judgment is extended to 11/14/2022. Signed by Chief Judge Emily C. Marks on 11/10/2022. (No PDF attached to this entry) (bes, )** (Entered: 11/10/2022) |
| 11/10/2022 | 85 | REPLY BRIEF *in Response to Plaintiff's Brief* filed by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 11/10/2022) |
| 11/10/2022 | 86 | REPLY BRIEF re 70 BRIEF/MEMORANDUM in Support, 71 Evidentiary Submission,,,, 69 MOTION for Summary Judgment - *Hyundai ENG America, Inc.'s Reply in Support of its Motion for Summary Judgment* filed by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 11/10/2022) |
| 11/14/2022 | 87 | REPLY BRIEF re 73 MOTION for Summary Judgment , 75 Evidentiary Submission,,,,,,,,, 74 BRIEF/MEMORANDUM in Support, 82 BRIEF/MEMORANDUM in Opposition, filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 11/14/2022) |
| 11/14/2022 | 88 | MOTION to Strike 82 BRIEF/MEMORANDUM in Opposition, *Plaintiff's Declaration* by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 11/15/2022) |
| 12/27/2022 | 89 | MOTION to Strike *Plaintiff's Demand for Jury Trial* by Dynamic Security, Inc.. (Attachments: # 1 Exhibit 1 - Waiver of Trial by Jury Policy Handbook Excerpt, # 2 Exhibit 2 - Signed Handbook Acknowledgement, # 3 Exhibit 3 - Signed Pre-Application Employment Screening, # 4 Exhibit 4 - Deposition Excerpts of Plaintiff with Exhibits 2 and 10)(Bullock, Susan) (Entered: 12/27/2022) |
| 01/05/2023 | 90 | **ORDER: it is ORDERED that the Plaintiff shall file a response to Dynamic's 89 motion on or before 1/19/2023. It is further ORDERED that Dynamic shall file a reply to the Plaintiff's response on or before 1/26/2023. Signed by Chief Judge Emily C. Marks on 1/5/2023. (cwl, )** (Entered: 01/05/2023) |
| 01/19/2023 | 91 | RESPONSE in Opposition re 89 MOTION to Strike *Plaintiff's Demand for Jury Trial* filed by Davita M. Key. (Attachments: # 1 Exhibit Ex1 - Full Dynamic Security Officer's Handbook, # 2 Exhibit Ex 2 - Dynamic Security Signed Policies)(Palmer, Leslie) (Entered: 01/19/2023) |
| 01/25/2023 | 92 | **ORDER: it is ORDERED that the pretrial conference presently set for 2/2/2023, is RESET to 11:00 AM on 2/17/2023, in Courtroom 2A; The parties are DIRECTED to jointly prepare a proposed pretrial order, and the Plf shall ensure that the original of the proposed pretrial order is received by the Court on or before 2/10/2023, by transmitting an electronic copy of the proposed pretrial order to the Court as an attachment to an email message sent to propord_marks@almd.uscourts.gov.The Clerk is DIRECTED to provide a court reporter for this proceeding. Signed by Chief Judge Emily C. Marks on 1/25/2023. (Furn: calendar, cs) (Term: FPC set for 02/02/2023)(bes, )** (Entered: 01/25/2023) |
| 01/26/2023 | 93 | Witness List by Hyundai Motor Manufacturing Alabama, LLC. (Middlebrooks, David) (Entered: 01/26/2023) |

| 01/26/2023 | 94 | Deposition Designations by Hyundai Motor Manufacturing Alabama, LLC.. (Middlebrooks, David) (Entered: 01/26/2023) |
| 01/26/2023 | 95 | Exhibit List by Hyundai Motor Manufacturing Alabama, LLC.. (Middlebrooks, David) (Entered: 01/26/2023) |
| 01/26/2023 | 96 | Witness List by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 01/26/2023) |
| 01/26/2023 | 97 | Exhibit List by Hyundai Engineering America, Inc... (Miller, Thomas) (Entered: 01/26/2023) |
| 01/26/2023 | 98 | Witness List by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 01/26/2023) |
| 01/26/2023 | 99 | Exhibit List by Dynamic Security, Inc... (Redmond, Wesley) (Entered: 01/26/2023) |
| 01/26/2023 | 100 | Deposition Designations by Dynamic Security, Inc... (Redmond, Wesley) (Entered: 01/26/2023) |
| 01/26/2023 | 101 | Witness List by Davita M. Key. (Attachments: # 1 Exhibit Ex A - Depo Designations Dynamic Riddle, # 2 Exhibit Ex B - Depo Designations Dynamic Spires, # 3 Exhibit Ex C - Depo Designations HMMA Burns, # 4 Exhibit Ex D - Depo Designations HEA Williams, # 5 Exhibit Ex E - Depo Designations Cureton)(Palmer, Leslie) (Entered: 01/26/2023) |
| 01/26/2023 | 102 | Exhibit List by Davita M. Key.. (Palmer, Leslie) (Entered: 01/26/2023) |
| 01/26/2023 | 103 | REPLY to Response to Motion re 89 MOTION to Strike *Plaintiff's Demand for Jury Trial* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 01/26/2023) |
| 01/27/2023 | 104 | MOTION to Continue - *Unopposed Motion to Continue Pre-Trial Setting* by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 01/27/2023) |
| 01/27/2023 | 105 | Exhibit List *Defendant Dynamic Security, Inc.'s Amended Exhibit List* by Dynamic Security, Inc... (Redmond, Wesley) (Entered: 01/27/2023) |
| 01/30/2023 | 106 | **ORDER: it is ORDERED that unopposed motion to continue (doc. 104 ) is GRANTED and the pretrial conference presently set for February 17, 2023, is RESET to 2:00 p.m. on February 21, 2023, in Courtroom 2A, in the Frank M. Johnson, Jr. U.S. Courthouse, One Church Street, Montgomery, Alabama. No other deadlines are extended. The Clerk of the Court is DIRECTED to provide a court reporter for this proceeding. Signed by Chief Judge Emily C. Marks on 01/30/2023. (furnished: calendar and cs) (terminated: PTC for 2/17/2023).(amf, )** (Entered: 01/30/2023) |
| 02/01/2023 | 107 | MOTION for Leave to File *Amended Exhibit List* by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 02/01/2023) |
| 02/02/2023 | 108 | **ORDER: it is ORDERED that on or before 2/6/2023, the Plaintiff shall show cause why the 107 motion should not be granted. Signed by Chief Judge Emily C. Marks on 2/2/2023. (cwl, )** (Entered: 02/02/2023) |
| 02/02/2023 | 109 | Deposition Designations *(Responsive Designations of Deposition/Trial Excerpts)* by Hyundai Motor Manufacturing Alabama, LLC.. (Middlebrooks, David) (Entered: 02/02/2023) |
| 02/02/2023 | 110 | Deposition Designations - *Defendant Hyundai ENG America, Inc.'s Responsive Designation of Deposition Trial Excerpts* by Hyundai Engineering America, Inc... (Miller, Thomas) (Entered: 02/02/2023) |

| 02/02/2023 | 111 | MOTION for Leave to File - *Defendant Hyundai ENG America, Inc.'s Motion for Leave to Amend its Trial Exhibit List* by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 02/02/2023) |
| 02/02/2023 | 112 | Deposition Designations *Defendant Dynamic Security, Inc.'s Deposition Counter-Designations* by Dynamic Security, Inc... (Redmond, Wesley) (Entered: 02/02/2023) |
| 02/03/2023 | 113 | Response to Order re 108 Order to Show Cause, 107 MOTION for Leave to File *Amended Exhibit List* filed by Davita M. Key. (Leonard, Heather) (Entered: 02/03/2023) |
| 02/03/2023 | 114 | **ORDER granting 107 Motion for Leave to Amend Exhibits List. Signed by Chief Judge Emily C. Marks on 2/3/2023. (amf, )** (Entered: 02/03/2023) |
| 02/03/2023 | 115 | **ORDER: it is ORDERED that on or before February 7, 2023, the Plaintiff shall show cause why the 111 motion for leave to amend trial exhibit list should not be granted. Signed by Chief Judge Emily C. Marks on 2/7/2023. (amf, )** (Entered: 02/03/2023) |
| 02/03/2023 | 116 | Exhibit List *(As Amended)* by Hyundai Motor Manufacturing Alabama, LLC.. (Middlebrooks, David) (Entered: 02/03/2023) |
| 02/07/2023 | 117 | RESPONSE TO ORDER TO SHOW CAUSE re 115 Order to Show Cause filed by Davita M. Key. (Leonard, Heather) (Entered: 02/07/2023) |
| 02/07/2023 | 118 | (STRICKEN - ENTERED IN WRONG CASE) Partial Filing fee: $ 6.00, receipt number 1417 (tha, ) Modified on 2/7/2023 (tha, ). (Entered: 02/07/2023) |
| 02/07/2023 | 119 | NOTICE of Error re 118 Filing Fee Received, which is STRICKEN from the record. This document was filed in the wrong civil action. (tha,) (Entered: 02/07/2023) |
| 02/08/2023 | 120 | **TEXT ORDER granting 111 Motion for Leave to Amend Trial Exhibit List. Signed by Chief Judge Emily C. Marks on 2/8/2023. (No pdf attached) (cwl, )** (Entered: 02/08/2023) |
| 02/08/2023 | 121 | Exhibit List - *Amended Trial Exhibit List* by Hyundai Engineering America, Inc... (Miller, Thomas) (Entered: 02/08/2023) |
| 02/09/2023 | 122 | Witness List by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 02/09/2023) |
| 02/09/2023 | 123 | Objections to Plaintiff's 101 Witness List and Defendant Dynamic's 100 Deposition Designation List (Doc. 100) by Hyundai Motor Manufacturing Alabama, LLC.. (Brown, Whitney) Modified on 2/10/2023 to clarify the docket text(bes, ). (Entered: 02/09/2023) |
| 02/09/2023 | 124 | Objections to Plaintiff's 102 Exhibit List and Dynamic's 105 Amended Exhibit List by Hyundai Motor Manufacturing Alabama, LLC.. (Brown, Whitney) Modified on 2/10/2023 to clarify the docket text (bes, ). (Entered: 02/09/2023) |
| 02/09/2023 | 125 | Objection to re 93 Witness List, 116 Exhibit List filed by Davita M. Key. (Leonard, Heather) (Entered: 02/09/2023) |
| 02/09/2023 | 126 | Objection to re 105 Exhibit List filed by Davita M. Key. (Leonard, Heather) (Entered: 02/09/2023) |
| 02/09/2023 | 127 | Objection to re 121 Exhibit List filed by Davita M. Key. (Leonard, Heather) (Entered: 02/09/2023) |
| 02/09/2023 | 128 | Deposition Designations *Hyundai ENG America, Inc.'s Objections to Deposition Designations* by Hyundai Engineering America, Inc... (Attachments: # 1 Exhibit A - |

| | | HEA's Chart of Depo Designation Objections, # 2 Exhibit B - Deposition Excerpts) (Miller, Thomas) (Entered: 02/09/2023) |
|---|---|---|
| 02/09/2023 | 129 | Exhibit List *Hyundai ENG America, Inc.'s Objections to Plaintiff's Exhibit List (Doc. 102)* by Hyundai Engineering America, Inc... (Miller, Thomas) (Entered: 02/09/2023) |
| 02/09/2023 | 130 | Objection to re 94 Deposition Designations, 101 Witness List, *Defendant Dynamic Security, Inc.'s Objections to Deposition Testimony Designations* filed by Dynamic Security, Inc.. (Attachments: # 1 Exhibit A - Excerpts (Kristal Spires), # 2 Exhibit B - Excerpts (Sherry Spires, # 3 Exhibit C - Excerpts (Cassandra Williams), # 4 Exhibit D - Excerpts (Ray Cureton), # 5 Exhibit E - Excerpts (Davita Key))(Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 131 | Objection to re 97 Exhibit List *Defendant Dynamic Security, Inc.'s Objections to Defendant Hyundai ENG America, Inc.'s Exhibit List* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 132 | Objection to re 95 Exhibit List *Defendant Dynamic Security, Inc.'s Objections to Defendant HMMA's Exhibit List* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 133 | Objection to re 102 Exhibit List *Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Exhibit List* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 134 | Objection to re 101 Witness List, *Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Witness List* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 135 | Objections to Dynamic Security Designations by Davita M. Key.. (Attachments: # 1 Exhibit Ex A - Depo Designations Dynamic Riddle, # 2 Exhibit Ex B - Depo Designations Dynamic Spires, # 3 Exhibit Ex C - Depo Designations Dynamic Cureton, # 4 Exhibit Ex D - Depo Designations Dynamic Williams, # 5 Exhibit Ex E - Depo Designations Dynamic Key)(Palmer, Leslie) Modified on 2/10/2023 to clarify the docket text (bes, ). (Entered: 02/09/2023) |
| 02/09/2023 | 136 | Objection to HEA Designations by Davita M. Key.. (Attachments: # 1 Exhibit Ex A - Depo Designations HEA Williams, # 2 Exhibit Ex B - Depo Designations HEA Williams Errata, # 3 Exhibit Ex c -Depo Designations HEA Cureton, # 4 Exhibit Ex D - Depo Designations HEA Spires, # 5 Exhibit Ex E - Depo Designations HEA Riddle)(Palmer, Leslie) Modified on 2/10/2023 to clarify the docket text (bes, ). (Entered: 02/09/2023) |
| 02/09/2023 | 137 | Objections to HMMA Designations by Davita M. Key.. (Attachments: # 1 Exhibit Ex A - Depo Designations HMMA Burns, # 2 Exhibit Ex B - Depo Designations HMMA Burns Errata, # 3 Exhibit Ex C - Depo Designations HMMA Williams, # 4 Exhibit Ex D - Depo Designations HMMA Williams Errata, # 5 Exhibit Ex E - Depo Designations HMMA Spires, # 6 Exhibit Ex F - Depo Designations HMMA Riddle, # 7 Exhibit Ex G - Depo Designations HMMA Cureton, # 8 Exhibit Ex H - Depo Designations HMMA Key) (Palmer, Leslie) Modified on 2/10/2023 to clarify the docket text (bes, ). (Entered: 02/09/2023) |
| 02/10/2023 | 138 | **MEMORANDUM OPINION AND ORDER: it is ORDERED that: 1) Dynamic's 88 motion to strike the declaration of Davita Key is DENIED; 2) HMMA's 66 motion for summary judgment is GRANTED, and all Plf's claims against HMMA are DISMISSED; 3) HEA's 69 motion for summary judgment is GRANTED, and all Plf's claims against HEA are DISMISSED; 4) Dynamic's 73 motion for summary judgment is GRANTED, to the extent that Plf's Counts I, II, III, and IV are DISMISSED as to Dynamic; and 5) Dynamic's 73 motion for summary judgment is** |

| | | |
|---|---|---|
| | | **DENIED in all other respects. Signed by Chief Judge Emily C. Marks on 2/10/2023. (bes, )** (Entered: 02/10/2023) |
| 02/10/2023 | [139](#) | **ORDER: it is ORDERED that the [89](#) motion to strike Plf's jury demand is hereby SET for oral argument on 2/21/2023, at 2:00 PM in Courtroom 2A; Oral argument will take place at the same time and place as the pretrial conference. Signed by Chief Judge Emily C. Marks on 2/10/2023. (Furn: Calendar, cs) (bes, )** (Entered: 02/10/2023) |
| 02/16/2023 | [140](#) | Response to PLF's [105](#) Objections to Exhibit List by Dynamic Security, Inc... (Attachments: # [1](#) Exhibit 1 - Deposition Transcript of Plaintiff Davita Key, # [2](#) Exhibit 22 - Rebuttal Letter from Plaintiff to EEOC dated October 4, 2017, # [3](#) Exhibit 24 - Letter of Intent - HEA0280, # [4](#) Exhibit 39 - Gloria Robinson Statement regarding removal, # [5](#) Exhibit 40 - Assignment Refusal Forms, # [6](#) Exhibit 43 - Ray Cureton Statement, # [7](#) Exhibit 44 - Nicole Scavell Statement, # [8](#) Exhibit 48 - Pl Discovery Resp to Dynamic IROG signed (4-11-22), # [9](#) Exhibit 49 - Pl Discovery Resp to Dynamic RFP (4-11-22), # [10](#) Exhibit 50 - Pl Discovery Resp to Dynamic RFA (4-11-22), # [11](#) Exhibit 59 - Key Response to Depart of Labor, # [12](#) Exhibit 60 - Contract for Services btween HE and HMMA., # [13](#) Exhibit 61 - July 27, 2015, letter of extension of Contract., # [14](#) Exhibit 64 - PowerPoint - Sexual harassment in the workplace., # [15](#) Exhibit 65 - PowerPoint - EEOC - What does it mean to me., # [16](#) Exhibit 88 - Transcript of Unemployment Compensation hearing)(Redmond, Wesley) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/16/2023 | [141](#) | Response to Plf's [135](#) Objections to Deposition Designations by Dynamic Security, Inc... (Redmond, Wesley) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/16/2023 | [142](#) | Resposne to [135](#) Objections to Exhibit List by Davita M. Key.. (Attachments: # [1](#) Exhibit Px 2 Hair Photos, # [2](#) Exhibit Px 10 Email, # [3](#) Exhibit Px 11 Email, # [4](#) Exhibit Px 13 Statement to Unemployment, # [5](#) Exhibit Px 14 Unemployment, # [6](#) Exhibit Px 15 Email, # [7](#) Exhibit Px 17 Complaint, # [8](#) Exhibit Px 18 Removal Memo, # [9](#) Exhibit Px 20 Email, # [10](#) Exhibit Px 21 Email, # [11](#) Exhibit Px 22 Statement, # [12](#) Exhibit Px 24 Howell Statement, # [13](#) Exhibit Px 25 Email, # [14](#) Exhibit Px 26 Email, # [15](#) Exhibit Px 27 Email, # [16](#) Exhibit Px 28 Email, # [17](#) Exhibit Px 29 Email, # [18](#) Exhibit Px 30 Email, # [19](#) Exhibit Px 32 Email, # [20](#) Exhibit Px 33 Email, # [21](#) Exhibit Px 34 Email, # [22](#) Exhibit Px 35 Email, # [23](#) Exhibit Px 36 Email, # [24](#) Exhibit Px 37 Email, # [25](#) Exhibit May Use Px 14 Charge Questionnaire, # [26](#) Exhibit May use Px 15 EEOC Charge, # [27](#) Exhibit May use Px 19 Position Statement, # [28](#) Exhibit May use Px 27 Security Detail Reports, # [29](#) Exhibit May use Px 41 Harassment Policy, # [30](#) Exhibit May use Px 43 Email, # [31](#) Exhibit May use Px 44 Email, # [32](#) Exhibit May use Px 45 Email)(Palmer, Leslie) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/16/2023 | [143](#) | Response to [134](#) Objections to Witness List by Davita M. Key. (Palmer, Leslie) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/16/2023 | [144](#) | Response to [130](#) Objections to Deposition Designations by Davita M. Key.. (Palmer, Leslie) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/20/2023 | [145](#) | MOTION for Reconsideration re [138](#) Memorandum Opinion and Order by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 2/21/2023 to clarify the docket text (bes, ). (Entered: 02/20/2023) |
| 02/21/2023 | [146](#) | MOTION for Extension of Time to File *Defendant Dynamic Security, Inc.'s Motion for Enlargement of Time to File Jury Instructions, Voir Dire Questions, and Motions In Limine* by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/21/2023) |

| | | |
|---|---|---|
| 02/21/2023 | 147 | **ORDER: it is ORDERED that: 1) The Dft's 89 Motion to Strike Plf's Jury Demand is DENIED; 2) The Dft's 145 Motion to Reconsider is DENIED; 3) The Dft's 146 Motion for Enlargement of Time to File Jury Instructions, Voire Dire Questions, and Motions in Limine is GRANTED, and the parties shall submit these filings on or before 2/28/2023; Objections to motions in limine, fully briefed, must be filed on or before 3/7/2023; 4) The parties are DIRECTED to jointly prepare a proposed pretrial order, and the Plf shall ensure that the original of the proposed pretrial order is received by the Court on or before 2/23/2023, by transmitting an electronic copy of the proposed pretrial order to the Court as an attachment to an email message sent to propord_marks@almd.uscourts.gov. Signed by Chief Judge Emily C. Marks on 2/21/2023. (bes, )** (Entered: 02/21/2023) |
| 02/21/2023 | 148 | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Oral Argument held on 2/21/2023, Final Pretrial Conference held on 2/21/2023 (PDF available for court use only). (Court Reporter Blanton Callen.) (cs, ) (Entered: 02/22/2023) |
| 02/24/2023 | 149 | Proposed Jury Instructions by Davita M. Key. (Leonard, Heather) (Entered: 02/24/2023) |
| 02/24/2023 | 150 | First MOTION in Limine *To Exclude Reference to Ray Cureton Profession as Minister* by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |
| 02/24/2023 | 151 | Second MOTION in Limine *To Preclude Mention of Dismissed Claims or Parties* by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |
| 02/24/2023 | 152 | Third MOTION in Limine *To Exclude Reference to the EEOC Determination* by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |
| 02/24/2023 | 153 | Fourth MOTION in Limine *To Exclude Reference to Unemployment Determination* by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |
| 02/24/2023 | 154 | Proposed Voir Dire by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |
| 02/28/2023 | 155 | Proposed Voir Dire by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 156 | First MOTION in Limine *Defendant Dynamic Security, Inc.'s First Motion In Limine to Exclude Plaintiff's Testimony About Gloria Robinson's Alleged Comments About the Content of Memos Sent by "The Koreans"* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 157 | Second MOTION in Limine *Defendant Dynamic Security, Inc.'s Second Motion in Limine to Exclude Its Statement of Position Submitted to the EEOC* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 158 | Third MOTION in Limine *Defendant Dynamic Security, Inc.'s Third Motion In Limine to Exclude Evidence of Dismissed Claims* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 159 | Fourth MOTION in Limine *Defendant Dynamic Security, Inc.'s Fourth Motion In Limine to Exclude Questions Asked by Ray Cureton Related to Assignment for the Plaintiff* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 160 | Fifth MOTION in Limine *Defendant's Fifth Motion In Limine to Exclude Any Reference to Plaintiff Filing an EEOC Charge Against Defendant Dynamic Security, Inc.* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 161 | Proposed Jury Instructions by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/28/2023) |

| 03/01/2023 | 162 | Objection to re 155 Proposed Voir Dire filed by Davita M. Key. (Leonard, Heather) (Entered: 03/01/2023) |
| --- | --- | --- |
| 03/03/2023 | 163 | MOTION for Certificate of Appealability *to Certify the portion of the Court's 2/21/2023 147 Order for Interlocutory Appeal and to Continue Trial Setting* by Dynamic Security, Inc. (Bullock, Susan) Modified on 3/6/2023 to create link and include additional text. (dmn, ) (Entered: 03/03/2023) |
| 03/07/2023 | 164 | RESPONSE in Opposition re 157 Second MOTION in Limine *Defendant Dynamic Security, Inc.'s Second Motion in Limine to Exclude Its Statement of Position Submitted to the EEOC* filed by Davita M. Key. (Attachments: # 1 Exhibit A - Dynamic Security's EEOC Position Statement (HEA 0053-56))(Leonard, Heather) (Entered: 03/07/2023) |
| 03/07/2023 | 165 | (Objections) RESPONSE in Opposition re 150 First MOTION in Limine *To Exclude Reference to Ray Cureton Profession as Minister Defendant Dynamic Security, Inc.'s Objections to Plaintiff's First Motion in Limine to Exclude Related to Ray Cureton's Profession as a Minister* filed by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | 166 | (Objections) RESPONSE in Opposition re 151 Second MOTION in Limine *To Preclude Mention of Dismissed Claims or Parties Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Second Motion in Limine to Exclude Reference to And/Or Evidence of the Court's Dismissal of Any of the Plaintiff's Claims* filed by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | 167 | (Objections) RESPONSE in Opposition re 152 Third MOTION in Limine *To Exclude Reference to the EEOC Determination Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Third Motion In Limine to Exclude Reference to And/Or Evidence of the EEOC's Determination* filed by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | 168 | (Objections) RESPONSE in Opposition re 153 Fourth MOTION in Limine *To Exclude Reference to Unemployment Determination Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Fourth Motion In Limine to Exclude Reference to And/Or Evidence of the Findings of the Alabama Department of Labor* filed by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | 169 | RESPONSE in Opposition re 156 First MOTION in Limine *Defendant Dynamic Security, Inc.'s First Motion In Limine to Exclude Plaintiff's Testimony About Gloria Robinson's Alleged Comments About the Content of Memos Sent by "The Koreans"* filed by Davita M. Key. (Palmer, Leslie) (Entered: 03/07/2023) |
| 03/07/2023 | 170 | RESPONSE in Opposition re 158 Third MOTION in Limine *Defendant Dynamic Security, Inc.'s Third Motion In Limine to Exclude Evidence of Dismissed Claims* filed by Davita M. Key. (Palmer, Leslie) (Entered: 03/07/2023) |
| 03/07/2023 | 171 | RESPONSE in Opposition re 159 Fourth MOTION in Limine *Defendant Dynamic Security, Inc.'s Fourth Motion In Limine to Exclude Questions Asked by Ray Cureton Related to Assignment for the Plaintiff* filed by Davita M. Key. (Palmer, Leslie) (Entered: 03/07/2023) |
| 03/07/2023 | 172 | RESPONSE in Opposition re 160 Fifth MOTION in Limine *Defendant's Fifth Motion In Limine to Exclude Any Reference to Plaintiff Filing an EEOC Charge Against Defendant Dynamic Security, Inc.* filed by Davita M. Key. (Palmer, Leslie) (Entered: 03/07/2023) |

| | | |
|---|---|---|
| 03/07/2023 | 173 | (Objections) BRIEF/MEMORANDUM in Opposition re 161 Proposed Jury Instructions filed by Davita M. Key. (Palmer, Leslie) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | | Objections to 150 First MOTION in Limine *To Exclude Reference to Ray Cureton Profession as Minister* filed by Dynamic Security, Inc.. (No PDF attached to this entry - See doc 165 for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/07/2023 | | Objections to 151 Second MOTION in Limine *To Preclude Mention of Dismissed Claims or Parties* filed by Dynamic Security, Inc.. (No PDF attached to this entry - See doc 166 for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/07/2023 | | Objections to 152 Third MOTION in Limine *To Exclude Reference to the EEOC Determination* filed by Dynamic Security, Inc.. (No PDF attached to this entry - See doc 167 for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/07/2023 | | Objections to 153 Fourth MOTION in Limine *To Exclude Reference to Unemployment Determination* filed by Dynamic Security, Inc.. (No PDF attached to this entry - See doc 168 for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/07/2023 | | Objections to 161 Proposed Jury Instructions filed by Davita M. Key. (No PDF attached to this entry - See doc 173 for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/08/2023 | 174 | **MEMORANDUM OPINION AND ORDER: This matter is before the Court on Defendant Dynamic Security, Inc.'s motion to certify for interlocutory appeal and continue trial setting. (Doc. 163 ). Dynamic's request failed on all three elements of a 1292(b) justification for certifying an interlocutory appeal. Furthermore, immediate appeal here would not "materially advance the ultimate termination of the litigation." For good cause, it is ORDERED that Dynamic's motion (doc. 163 ) is DENIED as further set out in the opinion and order. Signed by Chief Judge Emily C. Marks on 3/8/2023. (dmn, )** (Entered: 03/08/2023) |
| 03/16/2023 | 175 | NOTICE OF JURY LIST AND JURORS' PROFILES for Jury Selection and Trial commencing on 3/27/2023 (Attachments: # 1 Juror Certification)(cs, ) (Entered: 03/16/2023) |
| 03/17/2023 | 176 | BILL OF COSTS by Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # 1 Exhibit Costs)(Brown, Whitney) (Entered: 03/17/2023) |
| 03/17/2023 | 177 | BILL OF COSTS by Hyundai Engineering America, Inc., Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # 1 Exhibit A)(Miller, Thomas) (Entered: 03/17/2023) |
| 03/24/2023 | 178 | **ORDER ON PRETRIAL HEARING: The jury selection and trial of this case, which is set to last 2 days, is set for 3/27/2023, at 10:00 AM in the United States District Court in Courtroom 2A of the US District Court in Montgomery, AL; Trial counsel and parties are to be present in the Courtroom no later than 8:30 AM on the morning of trial, as further set out in order. Signed by Chief Judge Emily C. Marks on 3/24/2023. (furn: Calendar, cs) (bes, )** (Entered: 03/24/2023) |
| 03/26/2023 | 179 | Proposed Jury Verdict Form by Davita M. Key. (Palmer, Leslie) (Entered: 03/26/2023) |
| 03/26/2023 | 180 | Deposition Designations *of Gloria Robinson* by Davita M. Key.. (Attachments: # 1 Exhibit A - Excerpts from Deposition of Gloria Robinson)(Leonard, Heather) (Entered: 03/26/2023) |
| 03/26/2023 | 181 | Proposed Jury Verdict Form by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 03/26/2023) |

USCA11 Case: 24-11069    Document: 39-1    Date Filed: 12/04/2024    Page: 28 of 97

| | | |
|---|---|---|
| 03/27/2023 | | **ORAL ORDER granting in part and denying in part 150 First Motion in Limine To Exclude Reference to Ray Cureton Profession as Minister by Davita M. Key, as further stated on the record. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER granting 151 Second MOTION in Limine To Preclude Mention of Dismissed Claims or Parties by Davita M. Key. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER denying as moot 152 Third MOTION in Limine To Exclude Reference to the EEOC Determination by Davita M. Key.Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER granting 153 Fourth MOTION in Limine To Exclude Reference to Unemployment Determination by Davita M. Key.Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER denying 156 First MOTION in Limine Defendant Dynamic Security, Inc.'s First Motion In Limine to Exclude Plaintiff's Testimony About Gloria Robinson's Alleged Comments About the Content of Memos Sent by "The Koreans" by Dynamic Security, Inc.Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER denying as moot 157 Second MOTION in Limine Defendant Dynamic Security, Inc.'s Second Motion in Limine to Exclude Its Statement of Position Submitted to the EEOC by Dynamic Security, Inc.Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER granting in part and denying in part 158 Third MOTION in Limine Defendant Dynamic Security, Inc.'s Third Motion In Limine to Exclude Evidence of Dismissed Claims by Dynamic Security, Inc., as further stated on the record. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER denying 159 Fourth MOTION in Limine Defendant Dynamic Security, Inc.'s Fourth Motion In Limine to Exclude Questions Asked by Ray Cureton Related to Assignment for the Plaintiff by Dynamic Security, Inc.. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER granting in part and denying in part 160 Fifth MOTION in Limine Defendant's Fifth Motion In Limine to Exclude Any Reference to Plaintiff Filing an EEOC Charge Against Defendant Dynamic Security, Inc. by Dynamic Security, Inc., as further stated on the record. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Voir Dire, Jury Selection and Trial Began on 3/27/2023 (NO PDF ATTACHED, SEE FINAL MINUTE ENTRY). (Court Reporter Patricia Starkie.) (cs, ) (Entered: 03/28/2023) |
| 03/28/2023 | 182 | MOTION for Judgment as a Matter of Law *Defendant Dynamic Security Inc.'s Motion for Judgment as a Matter of Law* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 03/28/2023) |
| 03/28/2023 | | **ORAL ORDER Denying 182 Motion for Judgment as a Matter of Law. Entered by Chief Judge Emily C. Marks on 3/28/2023. (cs, )** (Entered: 03/28/2023) |
| 03/28/2023 | | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Jury Trial continued on 3/28/2023 (NO PDF ATTACHED, SEE FINAL MINUTE ENTRY). (Court Reporter Patricia Starkie.) (cs, ) (Entered: 03/28/2023) |

USCA11 Case: 24-11069    Document: 39-1    Date Filed: 12/04/2024    Page: 29 of 97

| 03/29/2023 | 183 | MOTION for Judgment as a Matter of Law *Defendant Dynamic Security, Inc.'s Renewed Motion for Judgment as a Matter of Law* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 03/29/2023) |
|---|---|---|
| 03/29/2023 | | **ORAL ORDER Denying 183 Motion for Judgment as a Matter of Law. Entered by Chief Judge Emily C. Marks on 3/29/2023. (cs, )** (Entered: 03/29/2023) |
| 03/29/2023 | | ORAL MOTION to Strike Defendant's Affirmative Defense on Failure to Mitigate by Davita M. Key. (cs, ) (Entered: 03/29/2023) |
| 03/29/2023 | | **ORAL ORDER denying Oral Motion to Strike Defendant's Affirmative Defense on Failure to Mitigate. Entered by Chief Judge Emily C. Marks on 3/29/2023. (cs, )** (Entered: 03/29/2023) |
| 03/29/2023 | 184 | Closing Instructions to the Jury. (cs, ) (Entered: 03/30/2023) |
| 03/29/2023 | 185 | JURY VERDICT. (cs, ) (Entered: 03/30/2023) |
| 03/29/2023 | 187 | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Jury Trial completed on 3/29/2023 (PDF available for court use only). (Court Reporter Patricia Starkie.) (Attachments: # 1 Witness List, # 2 Court's Exhibit List, # 3 CX-1 (Conventionally filed), # 4 CX-2 (Conventionally filed), # 5 Plaintiff's Exhibit List, # 6 Plaintiff's Exhibits (Conventionally filed), # 7 Defendant's Exhibit List, # 8 Defendant's Exhibits (Conventionally filed)) (cs, ) (Entered: 03/30/2023) |
| 03/30/2023 | 186 | **ORDER AND JUDGMENT: After this case had been presented to a jury, a verdict was returned, as further set out in order; It is, therefore, the ORDER, JUDGMENT, and DECREE of the Court, based on the jury verdict, that judgment is entered in favor of the Plf Davita M. Key and against the Dft Dynamic Security, Inc. as follows: 1. Compensatory damages in the amount of $300,064.00; 2. Punitive damages in the amount of $511,200.00; 3. Costs are taxed against the Defendant for which execution may issueThe Clerk of the Court is DIRECTED to enter this as a Final Judgment pursuant to Federal Rule of Civil Procedure 58. Signed by Chief Judge Emily C. Marks on 3/30/2023. (bes, )** (Entered: 03/30/2023) |
| 03/30/2023 | 188 | JUROR QUESTIONNAIRE CERTIFICATION received 3/27/2023 from Heather Newsom Leonard on behalf of Davita M. Key. (cs, ) (Entered: 03/30/2023) |
| 03/30/2023 | 189 | JUROR QUESTIONNAIRE CERTIFICATION received 3/27/2023 by Leslie Ann Palmer on behalf of Davita M. Key. (cs, ) (Entered: 03/30/2023) |
| 03/30/2023 | 190 | JUROR QUESTIONNAIRE CERTIFICATION received 3/27/2023 by Susan Ware Bullock on behalf of Dynamic Security, Inc.. (cs, ) (Entered: 03/30/2023) |
| 04/13/2023 | 191 | Costs Taxed in amount of $ 4,636.10 against Davita M. Key. (bes, ) (Entered: 04/13/2023) |
| 04/13/2023 | 192 | Costs Taxed in amount of $ 3,943.50 against Davita M. Key. (bes, ) (Entered: 04/13/2023) |
| 04/25/2023 | 193 | MOTION for Equitable Relief of Reinstatement of Interest by Davita M. Key. (Attachments: # 1 Exhibit A - Damages Calculation with Interest)(Palmer, Leslie) (Entered: 04/25/2023) |
| 04/26/2023 | 194 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial VOLUME I (PDF ACCESS RESTRICTED FOR 90 DAYS) held on 03/27/2023, before Judge Emily C. Marks. Court Reporter/Transcriber Patricia G. Starkie, Telephone number (334) 322-8053. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE OF INTENT TO REQUEST REDACTION DUE WITHIN 7 BUSINESS DAYS. Redaction Request due 5/17/2023. |

Redacted Transcript Deadline set for 5/30/2023. Release of Transcript Restriction set for 7/25/2023. (bes, ) (Entered: 04/26/2023)

| | | |
|---|---|---|
| 04/26/2023 | 195 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial VOLUME II (PDF ACCESS RESTRICTED FOR 90 DAYS) held on 3/28/2023, before Judge Emily C. Marks. Court Reporter/Transcriber Patricia G. Starkie, Telephone number (334) 322-8053. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE OF INTENT TO REQUEST REDACTION DUE WITHIN 7 BUSINESS DAYS. Redaction Request due 5/17/2023. Redacted Transcript Deadline set for 5/30/2023. Release of Transcript Restriction set for 7/25/2023. (bes, ) (Entered: 04/26/2023) |
| 04/26/2023 | 196 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial VOLUME III (PDF ACCESS RESTRICTED FOR 90 DAYS) held on 3/29/2023, before Judge Emily C. Marks. Court Reporter/Transcriber Patricia G. Starkie, Telephone number (334) 322-8053. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE OF INTENT TO REQUEST REDACTION DUE WITHIN 7 BUSINESS DAYS. Redaction Request due 5/17/2023. Redacted Transcript Deadline set for 5/30/2023. Release of Transcript Restriction set for 7/25/2023. (bes, ) (Entered: 04/26/2023) |
| 04/26/2023 | 197 | MOTION for Renewed Judgment as a Matter of Law *as to Liability and Punitive Damages; MOTION To Vacate, Alter or Amend the Judgment; or, Alternatively, MOTION for a New Trial or Remittitur of Emotional Distress and Punitive Damages* by Dynamic Security, Inc.. (Redmond, Wesley). Added MOTION for New Trial, MOTION to Alter Judgment on 3/11/2024 (AM). (Entered: 04/26/2023) |
| 04/27/2023 | 198 | **ORDER: it is ORDERED that the Dft shall file a response to the Plf's 193 motion for equitable relief of reinstatement and interest on or before 5/11/2023; It is further ORDERED that the Plf shall file a reply to the Dft's response on or before 5/18/2023. Signed by Chief Judge Emily C. Marks on 4/27/2023. (bes, )** (Entered: 04/27/2023) |
| 04/27/2023 | 199 | **ORDER: it is ORDERED that the Plf shall file a response to the Dft's 197 motion for renewed judgment on or before 5/11/2023; It is further ORDERED that the Dft shall file a reply to the Plf's response on or before 5/18/2023. Signed by Chief Judge Emily C. Marks on 4/27/2023. (bes, )** (Entered: 04/27/2023) |
| 05/03/2023 | 200 | MOTION for Extension of Deadline Time to File Petition for Attorneys' Fees and Bill of Cost *Unopposed* by Davita M. Key. (Palmer, Leslie) (Entered: 05/03/2023) |
| 05/08/2023 | 201 | **TEXT ORDER granting 200 Motion to Extend Deadline to Submit Petition for Attorneys' Fees and Cost Bill. Signed by Chief Judge Emily C. Marks on 5/8/2023. (No PDF attached to this entry) (bes, )** Modified on 5/8/2023 to correct a typographical error contained with the original text order (bes, ). (Entered: 05/08/2023) |
| 05/10/2023 | 202 | Joint MOTION for Extension of Time to File Response/Reply as to 199 Order, 198 Order, *Responding to Post Judgment Motions* by Davita M. Key. (Palmer, Leslie) (Entered: 05/10/2023) |

| | | |
|---|---|---|
| 05/10/2023 | 203 | **ORDER: it is ORDERED that the 202 joint motion to extend deadlines is GRANTED to the extent that all pending deadlines related to post judgment response briefing are CONTINUED GENERALLY; It is further ORDERED that the parties shall jointly report the status of mediation no later than noon on 6/12/2023; Thereafter, should it be necessary, the Court will reschedule the post judgment briefing deadlines. Signed by Chief Judge Emily C. Marks on 5/10/2023. (bes, )** (Entered: 05/10/2023) |
| 06/12/2023 | 204 | Joint REPORT *on Status of Mediation* by Dynamic Security, Inc., Davita M. Key. (Redmond, Wesley) Modified on 6/12/2023 to add as also filed on behalf of the Plaintiff (amf, ). (Entered: 06/12/2023) |
| 06/13/2023 | 205 | **ORDER: it is ORDERED as to the following: 1) On the Plf's 193 motion for equitable relief: a.) The Dft shall file a response to the Plf's motion on or before 6/27/2023; b.) The Plf shall file a reply to the Dft's response on or before 7/5/2023; 2) On the Dft's 197 motion for judgment as a matter of law: a.) The Plf shall file a response to the Dft's motion on or before 6/27/2023; b.) The Dft shall file a reply to the Plf's response on or before 7/5/2023. Signed by Chief Judge Emily C. Marks on 6/13/2023. (bes, )** (Entered: 06/13/2023) |
| 06/27/2023 | 206 | RESPONSE in Opposition re 197 MOTION for Judgment as a Matter of Law *Defendant Dynamic Security, Inc.'s Motion for Renewed Judgment as a Matter of Law as to Liability and Punitive Damages; To Vacate, Alter or Amend the Judgment; or, Alternatively, for a New Trial or Remitt filed by Davita M. Key. (Palmer, Leslie)* (Entered: 06/27/2023) |
| 06/27/2023 | 207 | RESPONSE in Opposition re 193 MOTION for Equitable Relief of Reinstatement of Interest filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 06/27/2023) |
| 06/29/2023 | 208 | MOTION for Extension of Time to File Response/Reply as to 206 Response in Opposition to Motion, 207 Response in Opposition to Motion *Dynamic Security Inc.'s Motion for Three-Day Enlargement of Time to File Its Reply as to Its Motion for Renewed Judgment as A Matter of Law and Motion for Three-Day Enlargement of Time for Plaintiff to File her Reply as to Her Motion for Equitable Relief* by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 06/29/2023) |
| 06/30/2023 | 209 | **TEXT ORDER granting 208 Motion for Extension of Time. Signed by Chief Judge Emily C. Marks on 6/30/2023. (No PDF attached to this entry) (bes, )** (Entered: 06/30/2023) |
| 07/10/2023 | 210 | REPLY to Response to Motion re 193 MOTION for Equitable Relief of Reinstatement of Interest filed by Davita M. Key. (Palmer, Leslie) (Entered: 07/10/2023) |
| 07/10/2023 | 211 | REPLY BRIEF re 206 Response in Opposition to Motion, 197 MOTION for Judgment as a Matter of Law *Defendant Dynamic Security, Inc.'s Motion for Renewed Judgment as a Matter of Law as to Liability and Punitive Damages; To Vacate, Alter or Amend the Judgment; or, Alternatively, for a New Trial or Remitt Defendant Dynamic Security, Inc.'s Reply to Plaintiff's Response to Its Motion for Renewed Judgment as a Matter of Law as to the Liability and Punitive Damages; To Vacate, Alter, Or Amend the Judgment; or, Alternatively, For A New Trial or Remittitur of Emotional Distress and Punitive Damages filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 07/10/2023)* |
| 03/11/2024 | 212 | **MEMORANDUM OPINION AND ORDER: it is ORDERED that Dynamic's 197 motion is DENIED, as further set out in Order. Signed by Chief Judge Emily C. Marks on 3/11/2024. (AM)** (Entered: 03/11/2024) |
| 03/14/2024 | 213 | **MEMORANDUM OPINION AND ORDER: it is ORDERED that Key's 193 motion is GRANTED, in part, as to prejudgment interest and DENIED, in part, as to reinstatement; It is further ORDERED that prejudgment interest on Key's back pay** |

| | | |
|---|---|---|
| | | award shall be paid in accordance with the chart appended to this order. Signed by Chief Judge Emily C. Marks on 3/14/2024. (AM) (Entered: 03/14/2024) |
| 03/28/2024 | 214 | BILL OF COSTS by Davita M. Key. (Leonard, Heather) (Entered: 03/28/2024) |
| 03/28/2024 | 215 | MOTION for Attorney Fees by Davita M. Key. (Attachments: # 1 Exhibit 1 - Declaration of Davita Key, # 2 Exhibit 2 - Declaration of Leslie Palmer, # 3 Exhibit 3 - Declaration of Heather Leonard, # 4 Exhibit 4 - Declaration of Candis McGowan, # 5 Exhibit 5 - Declaration of Alicia Haynes, # 6 Exhibit 6 - Declaration of Jim Roberts, # 7 Exhibit 7 - Declaration of Sonya Edwardes, # 8 Exhibit 8 - Declaration of Cynthia Wilkinson) (Leonard, Heather) (Attachment 3 replaced on 3/29/2024 due to pages sideways/upside down) (DMN). Modified on 3/29/2024. (DMN) (Additional attachment(s) added on 3/29/2024: # 9 Corrected Certificate of Service) (DMN). (Entered: 03/28/2024) |
| 03/29/2024 | 216 | **(VACATED PURSUANT TO THE 219 ORDER) ORDER: Now pending before the Court is Plaintiff Davita M. Key's motion for attorney fees and expenses, filed on 3/28/2024. (Doc. 215 ). Upon consideration of the motion, and for good cause, it is ORDERED that the Defendant shall file a response to the Plaintiff's motion on or before 4/12/2024. It is further ORDERED that the Plaintiff shall file a reply to the Defendant's response on or before 4/19/2024. Signed by Chief Judge Emily C. Marks on 3/29/2024. (DMN)** Modified on 4/8/2024 (AM). (Entered: 03/29/2024) |
| 04/05/2024 | 217 | NOTICE OF APPEAL by Dynamic Security, Inc. as to 213 Memorandum Opinion and Order entered 3/14/2024, 212 Memorandum Opinion and Order entered 3/11/2024, 186 Order and Judgment entered 3/30/2023, 147 Order entered 2/21/2023, Oral Orders entered on 3/28/2023 and 3/29/2023, Oral Order entered 3/28/2023, Oral Order entered on 3/28/2023, denial of Defendant's Jury Verdict Form (Doc. 181 ) as reflected in Jury Verdict Form submitted to jury on 3/30/2023 (Doc. 185 ), Closing Jury Instructions to jury as entered by the Court on 3/30/2023 (Doc. 184 ), and 213 Memorandum Opinion and Order entered 3/14/2024. ( Filing fee $ 605 receipt number AALMDC-3617496.) (Redmond, Wesley) Modified on 4/8/2024 to clarify text and create links. (DMN) (Entered: 04/05/2024) |
| 04/08/2024 | 218 | Appeal Instructions sent to Wesley C. Redmond and Susan W. Bullock, counsel for Appellant Dynamic Security, Inc. re 217 Notice of Appeal. A copy of the Transcript Information Form must be mailed to each court reporter from whom you are requesting a transcript. (Attachments: # 1 Transcript Order Form)(DMN) (Entered: 04/08/2024) |
| 04/08/2024 | 219 | **ORDER: it is ORDERED that the Plaintiff's 215 motion is DENIED without prejudice with leave to refile, if appropriate, after the Eleventh Circuit has issued its final mandate in the Defendant's appeal; It is further ORDERED that the Court's briefing order on the Plaintiff's 216 motion is VACATED. Signed by Chief Judge Emily C. Marks on 4/8/2024. (AM)** (Entered: 04/08/2024) |
| 04/08/2024 | 220 | Transmission of 217 Notice of Appeal, 213 Memorandum Opinion and Order, 212 Memorandum Opinion and Order, 186 Order and Judgment, 147 Order, and Docket Sheet to US Court of Appeals. (Attachments: # 1 Docket Sheet and Appeal Record)(DMN) (Main Document 220 replaced on 4/11/2024) (DMN). (Entered: 04/08/2024) |
| 04/10/2024 | 221 | NOTICE OF APPEAL by Davita M. Key as to 138 Memorandum Opinion and Order entered 2/10/2023; 38 Order entered 8/31/2021; and from all other interlocutory orders or rulings affecting her rights entered by the Court prior to the entry of the final judgment. Plaintiff also appeals the Taxation of Costs entered 4/13/2023 for Defendants HEA and HMMA (Docs. 191 , 192 ). ( Filing fee $ 605 receipt number BALMDC-3619801.) (Palmer, Leslie) Modified on 4/11/2024 to clarify text and create links. (DMN) (Entered: 04/10/2024) |

| 04/11/2024 | 222 | Appeal Instructions sent to Heather Leonard and Leslie A. Palmer counsel for Appellant Davita Key re 221 Notice of Appeal. A copy of the Transcript Information Form must be mailed to each court reporter from whom you are requesting a transcript. (Attachments: # 1 Transcript Order Form)(DMN) (Entered: 04/11/2024) |
|---|---|---|
| 04/11/2024 | 223 | Transmission of 221 Notice of Appeal, 138 Memorandum Opinion and Order, 38 Memorandum Opinion and Order, 192 Costs Taxed, 191 Costs Taxed, and Docket Sheet to US Court of Appeals. (Attachments: # 1 Docket Sheet and Appeal Record)(DMN) (Entered: 04/11/2024) |
| 04/11/2024 | 224 | TRANSCRIPT ORDER FORM by Davita M. Key re 221 Notice of Appeal: "No hearing." (Leonard, Heather) Modified on 4/11/2024 to clarify text. (DMN) (Entered: 04/11/2024) |
| 04/11/2024 | 225 | USCA Case Number 24-11069-B for 217 Notice of Appeal, filed by Dynamic Security, Inc. Fee Status: Fee Paid. (DMN) (Entered: 04/12/2024) |
| 04/12/2024 | 226 | USCA Case Number 24-11126-B for 221 Notice of Appeal, filed by Davita M. Key. Fee Status: Fee Paid. (DMN) (Entered: 04/12/2024) |
| 04/12/2024 | 227 | Costs Taxed in amount of $15,381.84 against Dynamic Security, Inc. (GGN) (Entered: 04/12/2024) |
| 04/19/2024 | 228 | TRANSCRIPT ORDER FORM by Dynamic Security, Inc. re 217 Notice of Appeal, Appeal No. 24-11069: "I am ordering a transcript of the following proceedings: Pre-Trial 2/21/2023 before Chief Judge Emily C. Marks, Court Reporter: Blanton Callen. Trial 3/27/2023-3/29/2023 before Chief Judge Emily C. Marks, Court Reporter: Patricia Starkie." (Redmond, Wesley) Modified on 4/19/2024 to clarify text. (DMN) (Entered: 04/19/2024) |
| 04/22/2024 | 229 | Transcript Acknowledgment Part II and Part III received from Court Reporter Patricia Starkie on 11th Circuit Appeal No. 24-11069-B. Certifying transcript has been completed and filed with the district court on: 4/26/2023. Transcripts on file Doc. 194 , 195 , 196 , filed 4/26/2023. (DMN) (Entered: 04/23/2024) |
| 04/23/2024 | 230 | USCA Notice of Receipt re 221 Notice of Appeal, 11th Circuit Appeal No.24-11126-DD: DUPLICATE of Transcript Order Form DE 2 as to Appellant Davita M. Key. NO ACTION WILL BE TAKEN. (DMN) (Entered: 04/23/2024) |
| 05/01/2024 | 232 | USCA Case Clerically Consolidated re 217 Notice of Appeal, 11th Circuit Appeal No. 24-11069-G: Absent objection filed within 14 days of this letter, this appeal will be consolidated by the Clerk with 24-11126 pursuant to FRAP 3(b)(2) and 11th Cir. R. 12-2. (DMN) (Entered: 05/03/2024) |
| 05/01/2024 | 233 | USCA Case Clerically Consolidated re 221 Notice of Appeal, 11th Circuit Appeal No. 24-11126-DD: Absent objection filed within 14 days of this letter, this appeal will be consolidated by the Clerk with 24-11069 pursuant to FRAP 3(b)(2) and 11th Cir. R. 12-2. (DMN) (Entered: 05/03/2024) |
| 05/02/2024 | 231 | Transcript Acknowledgment Part II received from Court Reporter Blanton Callen on 11th Circuit Appeal No. 24-11069. Satisfactory arrangements for paying the cost of the transcript were made on: 5/2/24. Estimated filing date: 5/31/24. (DMN) (Entered: 05/02/2024) |
| 07/02/2024 | 234 | NOTICE OF FILING OF ORAL ARGUMENT AND FINAL PRETRIAL CONFERENCE OFFICIAL TRANSCRIPT (PDF ACCESS RESTRICTED FOR 90 DAYS) for dates of 2/21/2023 before Judge Chief Judge Emily C. Marks, re 217 Notice of Appeal,,, Court Reporter/Transcriber Blanton Callen, Telephone number 334-412- |

| | | |
|---|---|---|
| | | 3507. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE OF INTENT TO REQUEST REDACTION DUE WITHIN 7 BUSINESS DAYS. Redaction Request due 7/23/2024. Redacted Transcript Deadline set for 8/2/2024. Release of Transcript Restriction set for 9/30/2024. (CWL) (Entered: 07/03/2024) |
| 08/09/2024 | 236 | (STRICKEN - ISSUED IN ERROR PURSUANT TO NOTICE FROM USCA RECEIVED 8/12/2024) USCA Notice of Transcripts Overdue re 217 Notice of Appeal; Appeal No. 24-11069. (Email sent to CR P. Starkie) (LAB) Modified on 8/12/2024 (CWL). (Entered: 08/09/2024) |

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">11/27/2024 01:48:14</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>fh000095</td><td><strong>Client Code:</strong></td><td></td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>2:19-cv-00767-ECM-SMD</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>22</td><td><strong>Cost:</strong></td><td>2.20</td></tr>
</table>

# Docket/Tab:

# B

Cecilia McCloyn

| | |
|---|---|
| **From:** | efile_notice@almd.uscourts.gov |
| **Sent:** | Tuesday, March 28, 2023 8:56 AM |
| **To:** | almd_mailout@almd.uscourts.gov |
| **Subject:** | Activity in Case 2:19-cv-00767-ECM-SMD Key v. Dynamic Security, Inc. Order on Motion in Limine |

**Caution: Originated Outside FordHarrison.**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Alabama Middle District

### Notice of Electronic Filing

The following transaction was entered on 3/28/2023 at 8:56 AM CDT and filed on 3/27/2023
**Case Name:**      Key v. Dynamic Security, Inc.
**Case Number:**    2:19-cv-00767-ECM-SMD
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORAL ORDER denying [156] First MOTION in Limine Defendant Dynamic Security, Inc.'s First Motion In Limine to Exclude Plaintiff's Testimony About Gloria Robinson's Alleged Comments About the Content of Memos Sent by "The Koreans" by Dynamic Security, Inc.Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )**

**2:19-cv-00767-ECM-SMD Notice has been electronically mailed to:**

Gerald Lee Miller      gerald.miller@eeoc.gov

Heather Newsom Leonard      heather@heatherleonardpc.com

Kurt Sethu Fischer      kurt.fischer@eeoc.gov, KENYATTA.THAMES@EEOC.GOV, kurtfischer22@gmail.com

Leslie Ann Palmer      leslie@palmerlegalservices.com, palmer.leslie@icloud.com, palmerlawal@recap.email

Marsha Lynn Rucker    marsha.rucker@eeoc.gov, carlene.collins@eeoc.gov

Susan Ware Bullock    sbullock@fordharrison.com, cmccloyn@fordharrison.com

Wesley Clyde Redmond    wredmond@fordharrison.com, cmccloyn@fordharrison.com

**2:19-cv-00767-ECM-SMD Notice has been delivered by other means to:**

# Docket/Tab:
# C

Cecilia McCloyn

| | |
|---|---|
| **From:** | efile_notice@almd.uscourts.gov |
| **Sent:** | Tuesday, March 28, 2023 9:06 AM |
| **To:** | almd_mailout@almd.uscourts.gov |
| **Subject:** | Activity in Case 2:19-cv-00767-ECM-SMD Key v. Dynamic Security, Inc. Order on Motion in Limine |

**Caution: Originated Outside FordHarrison.**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Alabama Middle District

## Notice of Electronic Filing

The following transaction was entered on 3/28/2023 at 9:05 AM CDT and filed on 3/27/2023

| | |
|---|---|
| **Case Name:** | Key v. Dynamic Security, Inc. |
| **Case Number:** | 2:19-cv-00767-ECM-SMD |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ORAL ORDER granting in part and denying in part [160] Fifth MOTION in Limine Defendant's Fifth Motion In Limine to Exclude Any Reference to Plaintiff Filing an EEOC Charge Against Defendant Dynamic Security, Inc. by Dynamic Security, Inc., as further stated on the record. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )**

**2:19-cv-00767-ECM-SMD Notice has been electronically mailed to:**

Gerald Lee Miller    gerald.miller@eeoc.gov

Heather Newsom Leonard    heather@heatherleonardpc.com

Kurt Sethu Fischer    kurt.fischer@eeoc.gov, KENYATTA.THAMES@EEOC.GOV, kurtfischer22@gmail.com

Leslie Ann Palmer    leslie@palmerlegalservices.com, palmer.leslie@icloud.com, palmerlawal@recap.email

Marsha Lynn Rucker     marsha.rucker@eeoc.gov, carlene.collins@eeoc.gov

Susan Ware Bullock     sbullock@fordharrison.com, cmccloyn@fordharrison.com

Wesley Clyde Redmond     wredmond@fordharrison.com, cmccloyn@fordharrison.com

**2:19-cv-00767-ECM-SMD Notice has been delivered by other means to:**

# Docket/Tab:
# D

Cecilia McCloyn

| | |
|---|---|
| **From:** | efile_notice@almd.uscourts.gov |
| **Sent:** | Tuesday, March 28, 2023 5:02 PM |
| **To:** | almd_mailout@almd.uscourts.gov |
| **Subject:** | Activity in Case 2:19-cv-00767-ECM-SMD Key v. Dynamic Security, Inc. Order on Motion for Judgment as a Matter of Law |

**Caution: Originated Outside FordHarrison.**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Alabama Middle District

## Notice of Electronic Filing

The following transaction was entered on 3/28/2023 at 5:02 PM CDT and filed on 3/28/2023

| | |
|---|---|
| **Case Name:** | Key v. Dynamic Security, Inc. |
| **Case Number:** | 2:19-cv-00767-ECM-SMD |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ORAL ORDER Denying [182] Motion for Judgment as a Matter of Law. Entered by Chief Judge Emily C. Marks on 3/28/2023. (cs, )**

**2:19-cv-00767-ECM-SMD Notice has been electronically mailed to:**

Gerald Lee Miller     gerald.miller@eeoc.gov

Heather Newsom Leonard     heather@heatherleonardpc.com

Kurt Sethu Fischer     kurt.fischer@eeoc.gov, KENYATTA.THAMES@EEOC.GOV, kurtfischer22@gmail.com

Leslie Ann Palmer     leslie@palmerlegalservices.com, palmer.leslie@icloud.com, palmerlawal@recap.email

Marsha Lynn Rucker     marsha.rucker@eeoc.gov, carlene.collins@eeoc.gov

Susan Ware Bullock    sbullock@fordharrison.com, cmccloyn@fordharrison.com

Wesley Clyde Redmond    wredmond@fordharrison.com, cmccloyn@fordharrison.com

**2:19-cv-00767-ECM-SMD Notice has been delivered by other means to:**

# Docket/Tab:
# E

Cecilia McCloyn

| | |
|---|---|
| **From:** | Susan Bullock |
| **Sent:** | Wednesday, March 29, 2023 10:12 AM |
| **To:** | Cecilia McCloyn |
| **Subject:** | FW: Activity in Case 2:19-cv-00767-ECM-SMD Key v. Dynamic Security, Inc. Order on Motion for Judgment as a Matter of Law |

**From:** efile_notice@almd.uscourts.gov
**Sent:** Wednesday, March 29, 2023 11:11:26 AM (UTC-05:00) Eastern Time (US & Canada)
**To:** almd_mailout@almd.uscourts.gov
**Subject:** Activity in Case 2:19-cv-00767-ECM-SMD Key v. Dynamic Security, Inc. Order on Motion for Judgment as a Matter of Law

**Caution: Originated Outside FordHarrison.**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Alabama Middle District

## Notice of Electronic Filing

The following transaction was entered on 3/29/2023 at 10:11 AM CDT and filed on 3/29/2023
**Case Name:**       Key v. Dynamic Security, Inc.
**Case Number:**    2:19-cv-00767-ECM-SMD
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORAL ORDER Denying [183] Motion for Judgment as a Matter of Law. Entered by Chief Judge Emily C. Marks on 3/29/2023. (cs, )**

**2:19-cv-00767-ECM-SMD Notice has been electronically mailed to:**

Gerald Lee Miller     gerald.miller@eeoc.gov

Heather Newsom Leonard     heather@heatherleonardpc.com

1

Kurt Sethu Fischer    kurt.fischer@eeoc.gov, KENYATTA.THAMES@EEOC.GOV, kurtfischer22@gmail.com

Leslie Ann Palmer    leslie@palmerlegalservices.com, palmer.leslie@icloud.com, palmerlawal@recap.email

Marsha Lynn Rucker    marsha.rucker@eeoc.gov, carlene.collins@eeoc.gov

Susan Ware Bullock    sbullock@fordharrison.com, cmccloyn@fordharrison.com

Wesley Clyde Redmond    wredmond@fordharrison.com, cmccloyn@fordharrison.com

**2:19-cv-00767-ECM-SMD Notice has been delivered by other means to:**

# Docket/Tab:
# F

**Whitney E. Yarborough**

| | |
|---|---|
| **From:** | efile_notice@almd.uscourts.gov |
| **Sent:** | Tuesday, March 28, 2023 8:01 AM |
| **To:** | almd_mailout@almd.uscourts.gov |
| **Subject:** | Activity in Case 2:19-cv-00767-ECM-SMD Key v. Dynamic Security, Inc. Order on Motion in Limine |

**Caution: Originated Outside FordHarrison.**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Alabama Middle District

### Notice of Electronic Filing

The following transaction was entered on 3/28/2023 at 9:00 AM CDT and filed on 3/27/2023
**Case Name:**      Key v. Dynamic Security, Inc.
**Case Number:**     2:19-cv-00767-ECM-SMD
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORAL ORDER granting in part and denying in part [158] Third MOTION in Limine Defendant Dynamic Security, Inc.'s Third Motion In Limine to Exclude Evidence of Dismissed Claims by Dynamic Security, Inc., as further stated on the record. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )**

**2:19-cv-00767-ECM-SMD Notice has been electronically mailed to:**

Gerald Lee Miller    gerald.miller@eeoc.gov

Heather Newsom Leonard    heather@heatherleonardpc.com

Kurt Sethu Fischer    kurt.fischer@eeoc.gov, KENYATTA.THAMES@EEOC.GOV, kurtfischer22@gmail.com

Leslie Ann Palmer    leslie@palmerlegalservices.com, palmer.leslie@icloud.com, palmerlawal@recap.email

Marsha Lynn Rucker    marsha.rucker@eeoc.gov, carlene.collins@eeoc.gov

Susan Ware Bullock    sbullock@fordharrison.com, cmccloyn@fordharrison.com

Wesley Clyde Redmond    wredmond@fordharrison.com, cmccloyn@fordharrison.com

**2:19-cv-00767-ECM-SMD Notice has been delivered by other means to:**

# Docket/Tab:
# G

Cecilia McCloyn

| From: | Susan Bullock |
|---|---|
| Sent: | Tuesday, March 28, 2023 9:04 AM |
| To: | Cecilia McCloyn |
| Subject: | FW: Activity in Case 2:19-cv-00767-ECM-SMD Key v. Dynamic Security, Inc. Order on Motion in Limine |

**From:** efile_notice@almd.uscourts.gov
**Sent:** Tuesday, March 28, 2023 10:02:49 AM (UTC-05:00) Eastern Time (US & Canada)
**To:** almd_mailout@almd.uscourts.gov
**Subject:** Activity in Case 2:19-cv-00767-ECM-SMD Key v. Dynamic Security, Inc. Order on Motion in Limine

<span style="color:red">**Caution: Originated Outside FordHarrison.**</span>

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Alabama Middle District

**Notice of Electronic Filing**

The following transaction was entered on 3/28/2023 at 9:02 AM CDT and filed on 3/27/2023
**Case Name:** Key v. Dynamic Security, Inc.
**Case Number:** 2:19-cv-00767-ECM-SMD
**Filer:**
**Document Number:** No document attached

**Docket Text:**
<span style="color:blue">**ORAL ORDER denying [159] Fourth MOTION in Limine Defendant Dynamic Security, Inc.'s Fourth Motion In Limine to Exclude Questions Asked by Ray Cureton Related to Assignment for the Plaintiff by Dynamic Security, Inc.. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )**</span>

**2:19-cv-00767-ECM-SMD Notice has been electronically mailed to:**

Gerald Lee Miller    gerald.miller@eeoc.gov

1

Heather Newsom Leonard    heather@heatherleonardpc.com

Kurt Sethu Fischer    kurt.fischer@eeoc.gov, KENYATTA.THAMES@EEOC.GOV, kurtfischer22@gmail.com

Leslie Ann Palmer    leslie@palmerlegalservices.com, palmer.leslie@icloud.com, palmerlawal@recap.email

Marsha Lynn Rucker    marsha.rucker@eeoc.gov, carlene.collins@eeoc.gov

Susan Ware Bullock    sbullock@fordharrison.com, cmccloyn@fordharrison.com

Wesley Clyde Redmond    wredmond@fordharrison.com, cmccloyn@fordharrison.com

**2:19-cv-00767-ECM-SMD Notice has been delivered by other means to:**

# Docket/Tab:
# H

```
1                 IN THE UNITED STATES DISTRICT COURT

2                 FOR THE MIDDLE DISTRICT OF ALABAMA

3                          NORTHERN DIVISION

4
        DAVITA M. KEY,
5
                      Plaintiff,
6
                 v.                    CASE NO:  2:19-cv-767-ECM
7
        DYNAMIC SECURITY, INC.
8
                      Defendant.
9        ************************************************

10          ORAL ARGUMENT AND FINAL PRETRIAL CONFERENCE

11       ************************************************

12        BEFORE THE HONORABLE EMILY C. MARKS, UNITED STATES

13   DISTRICT JUDGE, in Montgomery, Alabama, on Tuesday, February

14   21, 2023, commencing at 1:59 p.m.

15                           APPEARANCES

16   FOR THE PLAINTIFF:        Ms. Heather Leonard
                               HEATHER LEONARD, P.C.
17                             2105 Devereux Circle
                               Vestavia Hills, Alabama  35243
18
                               Ms. Leslie Palmer
19                             PALMER LAW, LLC
                               104 23rd Street, Suite 100
20                             Birmingham, Alabama  35233

21
     FOR THE DEFENDANT:        Mr. Wesley C. Redmond
22                             FORD HARRISON
                               420 20th Street North, Suite 2560
23                             Birmingham, Alabama  35203

24           Proceedings reported stenographically;

25             transcript produced by computer
```

1       (The following proceedings were heard before the Honorable

2   Emily C. Marks, in Montgomery, Alabama, on Tuesday, February

3   21, 2023, commencing at 1:59 p.m.)

4       (Call to order of the Court.)

5           THE COURT:  Good afternoon.  We're here for a pretrial

6   conference in the case of Key versus Dynamic, Case Number

7   19cv767.

8           Who do we have here for Ms. Key?

9           MS. LEONARD:  Heather Leonard for Plaintiff Davita

10  Key.

11          MS. PALMER:  Leslie Palmer for Plaintiff Davita Key.

12          THE COURT:  Good afternoon.  And who do we have here

13  for Dynamic?

14          MR. REDMOND:  Wesley Redmond from the Ford Harrison

15  firm, Your Honor.

16          THE COURT:  Good afternoon.

17          MR. REDMOND:  Good afternoon.

18          THE COURT:  We need to talk first about the pending

19  motion to strike the jury demand.  Mr. Redmond, this is your

20  motion.

21          I've read all of the briefing.  I've looked at the

22  exhibits.  Do you have any evidence showing that Ms. Key signed

23  any document acknowledging that she was waiving her right to a

24  jury?  And I've looked at the acknowledgment form, and I think

25  you'll have to agree with me; the words "jury demand" or "right

1    to a jury" do not appear anywhere on that acknowledgment form.

2         MR. REDMOND:  You are correct, Your Honor.  May I

3    approach the podium?

4         THE COURT:  Please.

5         MR. REDMOND:  You are correct, Your Honor, that it

6    does not, but she did sign the acknowledgment form in July

7    before she began work indicating that she had received the

8    security officer handbook, in which was contained the jury

9    trial waiver, which is contained -- I mean, it is conspicuous

10   in that handbook.  It's in the table of contents.  It's in all

11   bold.  It's in a separate section.

12        But even more importantly, Your Honor, she testified

13   very clearly at her deposition that she read it and she

14   understood what it meant.

15        THE COURT:  Well, her deposition testimony doesn't

16   indicate that she read it and understood it before she signed

17   the acknowledgment form; isn't that correct?

18        MR. REDMOND:  It does not have a specific date as to

19   when she read that.  I think that is correct.  Implicit in the

20   question was whether she read it at the time she received it

21   and before she began work, but I don't think it's explicit in

22   the question itself.

23        THE COURT:  If she signed the form acknowledging

24   receipt of the handbook, wherein she represents that at some

25   point in the future she will read it, if she had not read it at

1  the time she signed the acknowledgment form, would your motion

2  be denied?

3          MR. REDMOND:  We think our motion would still be the

4  same under basic contract law that says that you are presumed

5  to have read anything that you have signed, and here she's

6  signing that she has received the handbook.

7          THE COURT:  Well, she acknowledges that she received

8  it, but acknowledgment of receipt is not the same as

9  contractually binding her to the provisions in the handbook;

10  isn't that correct?

11          MR. REDMOND:  We believe that contractually it does,

12  that once -- once she has signed that document that she has

13  received it and has been notified that she is waiving her right

14  to trial by jury, particularly when you combine that with her

15  testimony, we think she is bound by that.

16          THE COURT:  Well, can you just notify somebody that

17  they have waived something?  Doesn't there need to be a knowing

18  waiver by the individual as opposed to the company telling her

19  by signing the handbook she's waiving her right?

20          MR. REDMOND:  You are correct that a waiver of a jury

21  trial has to be knowing in waiver, but the case law all

22  indicates that it is knowing in waiver if you are provided a

23  copy of it and it tells you that as a condition of your

24  employment, that you are waiving your right to a jury trial.

25          THE COURT:  I've read a lot of the cases that relate

1    to the waiver of a right to a jury.  What is missing from this

2    case is a signed document by Ms. Key where the document itself

3    references the waiver of a right to a jury.

4         In the Third Circuit case, Tracinda versus Daimler

5    Chrysler, first of all, there was no -- it was conceded that

6    there was a knowing waiver, so that wasn't the issue in that

7    case.  It was the timeliness.

8         Then we've got a case, Nettles versus Daphne

9    Utilities, from the Southern District of Alabama, which is 2014

10   Westlaw 3845072 from 2014, where Judge Steele had granted a

11   motion to strike a jury demand, but in that case the

12   acknowledgment form was entitled "Acknowledgment and Waiver of

13   Right to Trial by Jury," which is not what we have here.  The

14   signed form in the Nettles case referenced on the form itself

15   the waiver of the right to a jury, and here we don't have that.

16        We have an acknowledgment of receipt of the handbook,

17   an acknowledgment that Ms. Key will agree at some point in the

18   future to read the handbook and that she will abide by the

19   rules and regulations and policies in the handbook, but I don't

20   see anywhere on a written document that she signed that she

21   agreed to waive her right to a jury, which is what takes that

22   outside the line of cases where a jury demand was struck.

23        MR. REDMOND:  Your Honor is correct.  I don't know of

24   a document that has her signature where she indicates that she

25   understands she's waiving the right to a trial by jury.  I

1   don't think those cases indicate that it has to be done.

2   There's lots of cases out there that said that they are held to

3   items that are contained in the employee handbook without it

4   being mentioned on the specific page that the person has

5   referenced.  We don't think that's a requirement in order for

6   that to be binding on the individual.

7          THE COURT:  All right.  Would you agree with me that

8   this is a discretionary decision by me?  Do you have any

9   binding precedent that requires me to rule one way or another?

10          MR. REDMOND:  I'm thinking, Your Honor.  I'm thinking

11   as to what the cases say as to whether -- our position would be

12   that if there is a clear, knowing, and voluntary waiver, that

13   the Court must enforce it.

14          THE COURT:  All right.  Understood.

15          All right.  Who wants to speak for Ms. Key?

16          MS. PALMER:  Your Honor, at this point the plaintiff

17   would just stand on our brief, noting also that if you'll look

18   specifically to page 11 of our response, we note that the full

19   context of Ms. Key's testimony explains that there was an

20   additional clause referencing any waiver would be when it was

21   fair and expeditious of all interested parties.

22          And also we believe that the language within the

23   waiver itself within the handbook itself is ambiguous because

24   it does state, "By waiving the right to a jury trial, an

25   employee is not limiting their rights to trial by judge."  I

1    believe that clause in and of itself would have created any

2    confusion for Ms. Key in the event that this was an adequate

3    waiver, but as implied by this Court, we would argue that the

4    waiver was not knowing, and there is no documentation to show

5    that it was knowing or voluntary.

6            THE COURT:  Well, in Ms. Key's deposition testimony,

7    she indicated, I think, she understood that she was -- or the

8    way that that provision read, it was a waiver of a right to a

9    jury.  Do you have any evidence that she said she was confused

10   by that language?

11           MS. PALMER:  No, Your Honor.  But the context of that

12   question was that when Mr. Redmond asked Ms. Key, she responded

13   by just citing the title of that portion.  She just repeated

14   waiver of a jury trial, and then said can I add something, and

15   then went on to explain to Mr. Redmond that she believed that

16   that was whenever possible in a fair and expeditious manner

17   reflecting the interest of the concerned parties, as was

18   contained within that document.

19           THE COURT:  All right.  Anything else from either

20   side?

21           MS. PALMER:  Nothing from the plaintiff.

22           MR. REDMOND:  Nothing further, Your Honor.

23           THE COURT:  All right.  I've reviewed all of the

24   documents in this case specific to the provision of the waiver

25   and the acknowledgment form signed by Ms. Key, and I find that

1    there is insufficient evidence that she made a knowing waiver

2    of her Seventh Amendment right to a trial by jury, so I'm

3    denying the motion to strike the jury demand.

4            The acknowledgment form that she signed does not

5    specifically reference any waiver.  The acknowledgment form

6    specifically notes that she agrees to be bound by and will

7    abide by the rules, regulations, and policies set forth in the

8    handbook.  A waiver of a jury trial is neither a rule, a

9    regulation, or a policy that would be binding upon her.  I find

10   that this acknowledgment form, in the full context of the way

11   in which it was presented to Ms. Key and that it references

12   some future responsibility to read and become familiar with the

13   contents of the handbook, is insufficient to show a knowing

14   waiver at the time she signed the document of her right to a

15   trial by jury, so the motion is denied.

16           This brings me to the next motion, which is the motion

17   for extension of time to file motions in limine, jury

18   instructions, and voir dire to a week from today, I guess it

19   would be.  Is there any objection to that extension?  It would

20   extend it from, I think, Friday to Tuesday of next week.

21           MS. LEONARD:  Your Honor, in theory, we always would

22   want more time because what lawyer doesn't?  But the reality of

23   it is, after summary judgment there's very little left in the

24   case that's going to require much in terms of preparing jury

25   instructions and voir dire.  From a selfish standpoint, we do

1   oppose it because I have another trial that is also set during
2   this trial term with Judge Watkins where we're also trying to
3   keep on that, and in all hope I would like to try these back to
4   back, but the matter of a few days then runs into the time that
5   we've planned for that.
6         You know, this is a fairly straightforward claim where
7   there's a retaliation claim left, so if all we're doing is
8   preparing the substantive charge on that, that really shouldn't
9   take very long.  My experience with Your Honor is that our voir
10  dire is not going to be voluminous, so again, I don't think
11  that that's going to be really a whole lot more beyond the
12  standard questions that we typically get to ask, and so I would
13  think that we should still be able to get this stuff filed by
14  the end of the week.
15        THE COURT:  All right.
16        MR. REDMOND:  Well, as Ms. Leonard indicated, we
17  always would like some additional time.  And I will admit to
18  the Court I felt fairly confident that my motion was going to
19  be granted, so we would still ask for just the additional two
20  business days.
21        THE COURT:  I'm going to grant the motion, and I'm
22  going to give you until next Tuesday to file it.  If you want
23  to file it earlier, you certainly can -- it's an outward
24  deadline -- but I will go ahead and extend that.  You are
25  correct that because in this district you get jury

1    questionnaires, you will have much more information about the

2    jury venire than you would in another district.

3        I don't know if you've tried a case since we have

4    changed our practice, but the jury questionnaires are now

5    available the Thursday before trial instead of the Friday

6    before trial.  That will give you a full business day with

7    those questionnaires.  That was in an effort to try to give you

8    another business day with your staff to enable you to work on

9    trial preparation with the questionnaires as opposed to having

10   you working over the weekend and having to bring in paralegals

11   and perhaps secretaries to help you do that.

12       So you will have a lot of information, and voir dire

13   should be exceedingly brief.  But I will grant that extension

14   of time, so you will have -- that will be extended from

15   February 24th to February 28th.

16       All right.  Then we also have a pending motion to

17   reconsider.  Let me hear from you, Mr. Redmond, on the motion

18   to reconsider.

19       MR. REDMOND:  Yes, Your Honor.  This motion was filed

20   on behalf of Dynamic Security asking the Court to reconsider

21   its denial of summary judgment with respect to Count 5, and

22   it's one simple issue.  We believe that Count 5 was not -- and

23   I've read some of the Court's opinions, and I know the Court

24   enjoys a good verb when it's appropriate, but Count 5 simply is

25   not aimed at Dynamic.  It's aimed at HEA.  It's aimed at HMMA.

1   There is no --

2           THE COURT:  Isn't this a 12(b)(6) argument?

3           MR. REDMOND:  No, Your Honor.  It's not that it's

4   failure to state a claim.  It's simply that there is not an

5   intention to state a claim here.

6           THE COURT:  Isn't that the same thing?

7           MR. REDMOND:  It's very close.  It's very close.  And

8   in fact, we raised some of these issues along with some of the

9   other defendants at the 12(b)(6) over some of the pleadings

10  that the plaintiff had where they lump the defendants together

11  as one, and the Court did not address that.  And the Court

12  also, in its memorandum opinion, did not explicitly address

13  whether Count 5 existed against Dynamic, as we indicated in our

14  briefings.  There certainly is an argument that the Court

15  rejected that argument by going on ahead and addressing it and

16  by some of its other comments.

17          But if you look at Count 5, it simply is not directed

18  at Dynamic.  It reminds me a lot of that Linen (sic) case,

19  which I believe the Court had and that I was involved in, which

20  was the case filed by the sports anchor against the local -- I

21  believe it was the CBS affiliate, where 90 percent of the case

22  was about the plaintiff's harassment claim:  90 percent of the

23  complaint, 90 percent of the discovery.  And we get to summary

24  judgment, and the Court agreed there is no harassment claim

25  pled, and the Court granted summary judgment on all of the

1   claims.

2        We think this is similar.  This is an even better

3   case, we think, than Linen because there are specific claims

4   made against Dynamic in other parts of the complaint.  There

5   are specific claims made against HMMA and HEA in Count 5, but

6   there is no allegation in Count 5 that Dynamic terminated

7   Ms. Key or that it took any action in retaliation because of a

8   complaint she had made.

9        THE COURT:  Well, the complaint reads that the

10  defendants terminated her, and as the employment agency that

11  employed Ms. Key, isn't that a claim against Dynamic as well?

12        MR. REDMOND:  Your Honor, we cited a case with the

13  Eleventh Circuit that says saying defendants took no action

14  does not meet the basic notice requirements of Rule 8, which

15  was an issue we did raise on the 12(b)(6) and we raised in our

16  answer, that the complaint does not state a claim.

17        THE COURT:  And your 12(b)(6) motion was denied.

18        MR. REDMOND:  Yes, the 12(b)(6) motion was denied.

19  That issue was not addressed, but the 12(b)(6) motion was

20  denied.  There were some portions for some of the defendants

21  that was granted, but, yes, I believe Dynamic's was denied in

22  its entirety.

23        So for us, Your Honor, this is just a very simple

24  issue, that there is no claim in Count 5 that is asserted

25  against Dynamic.  There is not a retaliation claim asserted

1  against Dynamic in Count 5, and the Court should grant summary

2  judgment on that possible claim in this matter.

3      THE COURT:  Why was this -- how did my order not

4  address this?

5      MR. REDMOND:  Well, it didn't specifically address the

6  arguments that Dynamic had made that --

7      THE COURT:  The 12(b)(6) type argument?

8      MR. REDMOND:  Yes.  Yes.  It did not address the --

9  Dynamic raised this pretty clearly in its motion for summary

10  judgment, that there were several counts that did not assert

11  claims against Dynamic, which we can -- we have only assumed

12  must have been an intentional pleading by the plaintiffs

13  because they are great lawyers.

14      THE COURT:  How is it not enough that my order reads,

15  "Key brings retaliation claims against Dynamic and HMMA

16  pursuant to Title VII and against all three defendants pursuant

17  to 1981"?  How is that not a ruling on your claim that no claim

18  was brought against Dynamic?

19      MR. REDMOND:  Well, I would say it is a ruling.

20  That's why we're asking the Court to reconsider it.  Our issue

21  was there was no analysis given by the Court to that question,

22  so we would ask the Court to reconsider it.

23      Listen, there were a lot of -- three parties, lots of

24  issues on that summary judgment, so we understand the Court may

25  not have been able to address in detail everything.  And I

```
1   certainly would not argue with the Court that that statement --
2   yes, that statement is an indication that the Court has denied
3   that argument.  But again, to us this is just a very simple
4   issue, that that count just is not aimed at Dynamic Security.
5   Thank you, Your Honor.
6        THE COURT:  All right.  They say I committed clear
7   error by not analyzing the argument about a failure to state a
8   claim.  Do you agree or disagree?  And be specific.
9        MS. PALMER:  Yes, Your Honor.  We disagree with that.
10  First, I'd like to state that plaintiff just received this
11  motion after hours yesterday, so we've not had time to fully
12  prepare for it, with the exception that I believe this was
13  fully addressed in the motions for summary judgment, as
14  Mr. Redmond indicated.  They moved on that count.  Plaintiff
15  responded in Document 82 at docket entry pages 53 to 55 -- I'm
16  sorry -- 53 to 56, and I believe that this Court's order
17  clearly addresses that the claims exist and then continues to
18  rule on the claims.
19       THE COURT:  All right.  I've gone back and I've
20  reviewed the complaints.  I've reviewed my order.  I believe it
21  adequately addresses the failure to state a claim argument that
22  was made and rejected in the original motion to dismiss and
23  again in the memorandum opinion and order that denied the
24  motion for summary judgment on claim 5, so the motion to
25  reconsider is denied.
```

15

1          Let's now talk about how the trial is going to

2    proceed.  The proposed pretrial order that you all submitted

3    was submitted before the ruling on the motion for summary

4    judgment.  We can do one of two things.  I can just go through

5    it with you and make edits, and then when I enter the final

6    pretrial order, I can delete what needs to be deleted, or you

7    can submit a new proposed pretrial order to reflect the claims

8    that are moving forward.

9          MR. REDMOND:  Defendant would suggest that the parties

10    have the opportunity to submit a new proposed pretrial order,

11    if the Court would just give us a date by when it wants to have

12    it.

13          THE COURT:  All right.  Do you agree?

14          MS. LEONARD:  We're fine with that, Your Honor.

15          THE COURT:  All right.  How long do you all need to

16    make the necessary edits to your pretrial order?

17          MS. LEONARD:  Do you think we can do Thursday?

18          MR. REDMOND:  Yes.  We can do it by Thursday,

19    certainly.

20          THE COURT:  All right.  If you will by February 23rd

21    close of business -- well, I guess you really technically have

22    until midnight.  On February 23rd, you will have until midnight

23    February 23rd to submit your updated proposed pretrial order to

24    reflect the claim that is going forward.

25          Now that we have clarity on what is going forward to

1    trial, how long do you anticipate that this would take to try?

2    I think you had initially said five days, but --

3            MS. LEONARD:  Your Honor, a lot of that was with the

4    anticipation that there would be multiple defendants, and so

5    each exam was going to take longer.  I would think three days.

6    I think a lot of it just depends on when we are able to start

7    putting on witnesses.  This should probably be a four- to

8    five-witness trial.  There could be some flexibility in there

9    one way or the other, but, you know, Ms. Key didn't work there

10   for that long, and so I don't think our trial should exceed too

11   much more than the time that she worked there, but I would

12   think we could do it in three days.

13           THE COURT:  Okay.  Do you agree?

14           MR. REDMOND:  Agreed, Your Honor.

15           THE COURT:  All right.  And that's inclusive of jury

16   selection?

17           MS. LEONARD:  If it's a fast jury selection like I

18   would expect it's going to be -- if it's one to where we're

19   doing opening arguments by the afternoon on Monday and putting

20   a witness on on Monday, then, yeah, I would think so.  If we're

21   not able to start witnesses until Tuesday, it might bleed a

22   little bit into Thursday just depending on when we can finish

23   everything, but that's -- I would think so.

24           MR. REDMOND:  Agreed, Your Honor.

25           THE COURT:  All right.  I will seat eight jurors.  The

17

1  rules require six.  I'll seat eight and we will not have any

2  alternates.  That way if something happens during the trial, we

3  can lose two jurors and still continue on, but I'll have eight

4  jurors.

5       If you've tried a case with me before, you know I do

6  volleying jury strikes.  We'll start with the plaintiff.  The

7  plaintiff will make a first strike; then the defendant, knowing

8  who the plaintiff has struck, will make its first strike; then

9  it will go back to the plaintiffs, so that when you're making

10  your strikes, you know who is being struck by both sides so

11  that you'll be a little bit better informed about who could be

12  seated.

13       I don't allow back strikes.  So if we start off with

14  jurors 1 through 8 and the plaintiff strikes juror number 1 and

15  the defendant strikes juror number 2, we'll then move on to

16  jurors number 9 and 10 to continue the strikes back and forth

17  until we have eight jurors that you have agreed upon.  So if

18  the plaintiff starts off and strikes juror number 3 and the

19  defendant strikes juror number 4, you have both accepted jurors

20  1 and 2 and you cannot go back and strike them.  If you have

21  any questions about that, we can go through it a little bit

22  further either today or during jury selection.

23       MS. LEONARD:  Will we be only looking at our panel or

24  is this going to be -- since I know one other judge has a trial

25  calendar set for that week, or will it be like in the olden

 1   times when everybody's struck at one point?

 2          THE COURT:  I will have my own panel of jurors because

 3   I have more than one case on the docket.  I anticipate you will

 4   be first.  We start with the last case to try first so that

 5   those jurors can leave, and then you, if you're going to be

 6   first up, you'll strike the jurors last so that when you're

 7   finished, we will get started and that panel of jurors will

 8   stay.  That way we're not keeping people here unnecessarily.

 9          And again, just a reminder, you will get the jury

10   questionnaires the Thursday before trial instead of the Friday

11   before trial.  That is a change in our procedures.

12          I will also ask -- have you ever tried a case with me

13   before, Mr. Redmond?

14          MR. REDMOND:  No, Your Honor.

15          THE COURT:  Okay.  So the process is we'll bring in --

16   I'll go downstairs.  I will generally qualify the jury.

17   Lawyers generally don't attend that.  I'm asking questions --

18   are you a U.S. citizen, can you read and write the English

19   language -- just doing the jury qualification.

20          And then we will bring the panel upstairs into the

21   courtroom, and then I will have each juror seated in numeric

22   order starting with number 1 and then going across and then

23   snaking back and forth so they can pass a microphone and stay

24   in numeric order.  I will ask each juror to start off by

25   standing, raising their number, and then answering six

19

1   questions:  Their name, their marital status, their employment,

2   their spouse's employment, if any, city and county where they

3   live, and have they ever served as a juror before.  Each of

4   those jurors will state that information for you so you can put

5   a face to a name.  You will have had the jury questionnaires.

6          And then I will ask each set of attorneys to stand and

7   be recognized, and any parties, and ask if any of the jurors

8   know you, know the parties, have they heard anything about this

9   case, and then I will turn it over to you to do your individual

10  voir dire.  Because you will by that point have so much

11  information, voir dire should be very limited.

12          And I don't like a lot of individualized questioning

13  of jurors, particularly in front of the panel, but say, for

14  example, someone has put an answer on the questionnaire that

15  you think is going to require some followup, after we've done

16  the panel voir dire, I will excuse the jurors out to take a

17  break, stand out in the hallway, and if you have jurors you

18  want to take on individual voir dire, we'll call them in one by

19  one so that they can answer some questions more privately.

20  That should be the exception and not the rule.  There really

21  needs to be a compelling reason for me to pull a juror in

22  individually, but if you need to ask some individualized

23  questions, you certainly can.

24          I don't see that we have -- because the motions in

25  limine have not been filed yet, I don't know if you have any

1    issues that we can discuss today.  Do you anticipate filing

2    motions in limine?  We have a lot of objections to exhibits,

3    but --

4          MS. LEONARD:  And, Your Honor, I think you're right.

5    I know our perspective is with a lot of the exhibits, until you

6    can see the context in which it's offered, it's hard to say

7    it's inadmissible for any purpose, because I could foresee

8    sometimes where it might be but maybe not under the

9    circumstances it's offered.

10          I know we anticipate filing at least one motion in

11    limine on the issue of referencing dismissed claims and the

12    fact that there has been a dismissal, just since -- going back

13    to the trial I had with you --

14          THE COURT:  I know exactly which one you're talking

15    about.

16          MS. LEONARD:  Yeah.  But basically, you know, knowing

17    that now -- you know, all the expensive lessons that we

18    learn -- I know that that's something that we'll anticipate

19    filing, is saying we don't want it to be referenced that there

20    were others parties to the case that have been dismissed or

21    that parts of the case have been dismissed, and so I know that

22    that's one that we anticipate filing.

23          And based on that, I was going to seek your direction

24    on how you wanted us to handle things that are exhibits that

25    may reference dismissed parties and claims, specifically things

 1  like discovery responses if they were moved into evidence or

 2  things of that nature, where there might be a case style or

 3  reference to another claim.

 4       THE COURT:  Do you have a position on that?

 5       MR. REDMOND:  Yes, we do, and we will be filing a

 6  similar motion in limine.  For instance, we will probably be

 7  filing a motion in limine to keep out her handwritten complaint

 8  because it references pregnancy complaints also, which have

 9  been dismissed.  We may decide that can be done by redacting

10  that so that that can still come in, but we certainly would

11  want there to not be any reference to those other claims.

12       Although, to be up front with the Court, we believe

13  there may be some testimony that comes in where Ms. Key may

14  have said to someone, I think this was more my pregnancy than

15  anything else, which we think under a but-for standard could be

16  compelling evidence.  So that's something that we'll just have

17  to see how the evidence develops at trial before we do that.

18       We also -- I think we all know the statement that

19  brought us back here today, which was the statement by Gloria

20  Robinson.  And since the Court asked, I will tell you, we are

21  looking at filing a motion in limine to exclude that based on

22  the best evidence rule.  And I'd be happy to speak some more of

23  that to the Court if it wants to hear about that.

24       THE COURT:  Well, I know your motion in limine is not

25  due yet, but if you want to go ahead and lay it out for me,

1  that is a pretty important issue, so --

2          MR. REDMOND:  It is.  And I had been talking to some

3  of the evidence experts in my office to sort of help me see if

4  I'm out of line making this argument.  They at least assured me

5  I'm not out of line.

6          The statement, if you read what Ms. Key says Gloria

7  Robinson told to her -- and the same thing she put in her

8  intake questionnaire -- it was, the Koreans send out these

9  little memos that say they don't want African Americans wearing

10 dreadlocks.  That's a content of a document, and she cannot

11 testify or give what we still say is hearsay testimony from

12 someone else about the content of a document that's not going

13 to be in evidence, and there's not even going to be any

14 evidence that that document even exists.  So to us that seems

15 like a classic best evidence rule question.

16         I wanted to go ahead and raise that now so everyone

17 else can be thinking about that and so that they're not

18 surprised when they see our motion in limine on that question.

19         THE COURT:  Do you want to wait and brief it or would

20 you like to speak to it now?

21         MS. LEONARD:  Your Honor, I think we would like to

22 brief it, but I think we're going to go with initially it's

23 partially offered for the effect on the hearer, on how Ms. Key

24 is taking this.  And whether or not there are actual memos, if

25 Ms. Robinson is ultimately communicating that the Koreans have

1  a problem with people wearing their hair a certain way because

2  of their race, that's the thrust of the comment.  Whether or

3  not there are memos is immaterial.  She's communicating that

4  the Koreans have communicated to us or this is my belief on how

5  the Koreans approach this.

6       So we still think that it would get around the best

7  evidence rule because really they're just taking a hearsay

8  argument and trying to repackage it.  It's a statement of a

9  party opponent.  It's potentially an admission.  She was

10  somebody who would have been in a position to speak on behalf

11  of Dynamic at that point, so we believe it would come in under

12  the exceptions to the hearsay rule, but we'll definitely brief

13  it when we see it.

14       I did want to clarify, though.  Our motion in limine

15  is not going to be that you can't necessarily reference facts

16  related to dismissed claims because facts can serve many

17  masters.  Ours is simply going to be it should not be

18  referenced that there were claims that were dismissed, that

19  this Court has ruled on parts of the case and dismissed

20  parties.  Because I think a lot of times some of the facts may

21  still be relevant, even if they may have related to another

22  claim, to put things in context.  So I clarify that not to

23  argue, but I just didn't want to mislead anybody as to what the

24  substance of our motion is going to be.

25       THE COURT:  All right.  Well, as with anything that's

1    subject to an order on a motion in limine, if there is evidence

2    that is excluded, you need to take precautions to ensure that

3    your documents are properly redacted and the evidence is not

4    discussed in front of the jury.  If something happens during

5    the trial which would require that we revisit the evidence,

6    then we can certainly do that, but there's always the risk that

7    you open the door if you don't do proper redacting of your

8    documents.  Once an order has been entered granting a motion in

9    limine and restricting the use of any evidence in front of the

10   jury and then you present it to the jury, you have likely

11   opened the door to further discussion or for the jury to see it

12   or know about it, so just be cautious about that.

13        I've also looked at -- it seems like there's one

14   objection to a witness that --

15        MS. LEONARD:  We're not going to call Chris Hargrove.

16        THE COURT:  Okay.  So does that moot your objection?

17        MR. REDMOND:  Yes, Your Honor.

18        THE COURT:  All right.  So just to keep the record

19   clear, we are talking about Document 134, defendant's objection

20   to the plaintiff's witness list, specific to witness Chris

21   Hargrove, and the plaintiff is now saying you're not calling

22   Chris Hargrove, so that objection in Document 134 is now moot.

23        All right.  The exhibit list.  It looks to me as

24   though the majority of the objections to exhibits relate to

25   hearsay and relevance.  My thinking is those need to be carried

1    to trial for the reasons you all seem to agree, that just

2    because something may not or may appear to be relevant now,

3    that may change during the trial.  I know from trying cases

4    that I might list 50 exhibits on my exhibit list, and at trial

5    I only even offer 10.  So it may not be necessary for a ruling

6    on every objection to every exhibit.

7          I was not able to really identify any that I think

8    requires an order in advance of the trial.  It looked to me as

9    though because most of them are based on relevance and hearsay,

10   they should be carried with the trial, and you can raise those

11   objections should a piece of evidence be offered, and then we

12   can see where we are with relevance and hearsay.

13         But let me know now if you have any objection that you

14   think should not be carried to trial based on the exhibit lists

15   and each other's response and reply to objections.

16         MR. REDMOND:  None from the defendants, Your Honor.

17         MS. LEONARD:  None from us, Your Honor.

18         THE COURT:  All right.  If you do after -- I'm not

19   saying you can't change your mind.  If you get back and you see

20   something on your exhibit list and you think, oh, I should have

21   brought this one up, you can raise it in your motion in limine.

22   That might be an easier way for us to make a ruling on a

23   specific item that you think truly should not be discussed or

24   mentioned in front of the jury, and we can examine it then.

25   But I will carry over the objections to the exhibits to trial.

```
 1          Do y'all have any questions so far about how the case
 2   will proceed?
 3          All right.  What about deposition designations?  There
 4   are a lot of deposition designations.  Do you all truly
 5   anticipate reading depositions to the jury or are these filed
 6   out of an abundance of caution in case you think you need to
 7   cite --
 8          MS. LEONARD:  Your Honor, I know from our perspective,
 9   a lot were filed out of an abundance of caution because we
10   weren't sure who was going to be in and how necessarily some of
11   the things would play out.  Like, for example, HMMA's 30(b)(6)
12   deponent really didn't know much about anything from firsthand
13   knowledge, and so a lot of his deposition testimony we had
14   designated out of an abundance of caution to set up how things
15   worked there, but -- rather than calling somebody in who, if
16   you put on the stand, is going to be like, I don't know
17   anything.  I don't foresee us likely needing to read
18   depositions in this case so long as people are available.
19          I think one of the key witnesses was Ray Cureton, who
20   doesn't work for Dynamic anymore, and there was a little bit of
21   difficulty in securing his deposition just because obviously
22   nobody really wants to go give a deposition.  So, you know, he
23   I think we designated out of an abundance of caution just in
24   the event we weren't able to obtain service on him and he
25   didn't appear, but, you know, that's really out of an abundance
```

1  of caution.  I think everybody is going to be live or should be

2  live.

3        THE COURT:  All right.  Do you agree?

4        MR. REDMOND:  Yes.  Agreed, Your Honor.

5        THE COURT:  All right.  If you get back and you're

6  deep in your trial preparation and you determine, actually, I

7  am going to need to read some portions of a deposition at

8  trial, I would ask that you work together to work out -- if you

9  say this is the provision I really need to read to the jury

10  and -- so say the plaintiff has identified a portion of a

11  deposition you think is absolutely necessary to read to the

12  jury, if you could reach out to Mr. Redmond.

13        Mr. Redmond, you can look at it and say, well, if

14  you're going to read this section, then I want to read this

15  section as well.

16        And it would be easier if we get to having a witness

17  on the stand who's reading a deposition, that they naturally

18  can just read whichever excerpts you have designated instead of

19  having it be really choppy in turning the page.  I have found

20  that that's been the most successful way to present that to a

21  jury.  Otherwise, it is difficult for the jurors to follow.

22        You know, if I'm reading out of the deposition and I'm

23  reading one section, and then I'm flipping 20 pages and I'm

24  reading another section, if you could just type up for the

25  witness exactly which portions of the deposition to read and

1  you all have agreed, it would go much more smoothly and would

2  be easier for the jury to follow.  And, of course, if you

3  cannot work out those specific deposition designations and

4  responsive designations, then let me know and we can work that

5  out in advance of the trial, although it doesn't sound like

6  you're going to have to do that.

7       Are you a hundred percent certain you'll be trying it

8  or is there still a window of opportunity to discuss

9  settlement?

10       MS. LEONARD:  As plaintiffs, we are always open and

11  ready and listening if somebody wants to offer us money.

12  That's not something we're ever going to turn away.  But up to

13  this point there really haven't been discussions.  There hasn't

14  been an indication there was an interest in opening

15  discussions.  So we always remain open to it, but my guess is

16  you're probably going to have us the week of --

17       MR. REDMOND:  I would think so, but I anticipate

18  having some discussions with Heather.  In all the cases we've

19  had together, I've only started a trial in one and we settled

20  in the middle of trial, so there's some hope there.

21       THE COURT:  All right.  I know I've settled cases I

22  thought would absolutely try, and I tried cases I thought would

23  absolutely settle.  You just never know, and never say never.

24       But there's nothing wrong with talking, and after this

25  hearing is over, my courtroom is yours.  I don't have any

 1  hearings for the rest of the day, and you're welcome to stay in

 2  here and talk or we've got attorney lounges and conference

 3  rooms.  You're welcome to have some discussions if need be.

 4  I'll make sure you have water, whatever you need, but feel free

 5  to talk and use the courthouse to make whatever agreements you

 6  can.  At the very least, to work out some sort of agreements on

 7  exhibits that can be pre-admitted, deposition designations that

 8  you can agree upon, things like that.  I just think it goes

 9  much more smoothly when you're able to get a lot of the work

10  done outside the presence of a jury.

11          As for exhibits, if there are exhibits that you do

12  agree on, bring those to court.  First thing the morning of

13  trial, I can pre-admit those.  That way you can discuss them in

14  your opening statement.  You can publish them to the jury

15  without asking the Court for permission ahead of time.

16          If you are seeking to admit a piece of evidence that

17  has not been admitted yet, you cannot publish it to the jury

18  until you've gotten a ruling.  We've got the courtroom

19  technology, the Elmo here.  When you place a document there, it

20  shoots a picture of it up here on the screen and in front of

21  the screens in the jury box, so the jury will be able to see it

22  right away.  You can attach your laptop to our system, and you

23  can use your laptop to show exhibits to the jury.

24          If you want to come to the courtroom in advance of the

25  trial -- say, for example, the week before trial -- you can get

1   in touch with Cindy Sanders, my courtroom deputy, and make an

2   appointment to come in and make sure that your equipment works

3   with our equipment and have a dry run so that you don't run

4   into any problems when you get here for trial.  That will --

5   it's never pleasant.  You're already under enough stress

6   without having to worry about tech problems, so don't hesitate

7   to reach out to us to get those worked out in advance.

8           I will generally give pattern jury instructions.  To

9   the extent that you can agree on jury instructions, I would ask

10  that you try to work those out before you submit them to the

11  Court.  On the first day of trial, I will have a draft set of

12  jury instructions I will hand to you, and we will review those

13  as the trial progresses.  Sometimes there may be something that

14  we start off with that becomes irrelevant and we'll need to

15  edit it out of the jury instructions, or something will happen

16  during the trial that means that we need to add a jury

17  instruction, so that will be our working document.

18          I will work off of those every day when we have an

19  opportunity, either as the -- I've sent the jury home for the

20  day, and we stay and work for 30 minutes on jury instructions

21  based on where we are.  That would be optimal so that when we

22  get to the charge conference, we're not starting from scratch.

23  We are making final edits.

24          I know in the middle of trial the last thing you're

25  really thinking about is the jury instructions, but it is

1  actually helpful to go ahead and have that work done before we

2  get to the charge conference so that if we -- for example, I

3  just had a trial recently, and we had the jury instructions

4  completed before the testimony was over.  So once the testimony

5  was done, we were able to send the jury for lunch.  When they

6  came back, we had finished our jury instructions, they gave

7  closing arguments, and I immediately was able to instruct the

8  jury, and they went into deliberations right away, as opposed

9  to having to send them out, take a break, go through the charge

10  conference.  It keeps things moving for the jury and for you,

11  and it's, I think, less stressful.

12          Any questions about any of that?

13      MR. REDMOND:  Your Honor, I had one based on something

14  you said.  During opening, can we refer -- I realize we can't

15  publish it.  Can we refer to a document that plaintiff may not

16  have agreed to, but we think we will be able to get into

17  evidence, knowing that we run the risk that we might not and it

18  might be used against us at some point?  But does the Court

19  have any prohibition against us referring to documents that

20  have not been agreed to in openings?

21      THE COURT:  No, unless it has been precluded on a

22  motion in limine, obviously.  It's a risk, but if you want to

23  take it --

24      MR. REDMOND:  Yes, Your Honor.

25      THE COURT:  -- you go right ahead.  No.  It's really

1  just do not publish an exhibit to the jury unless it has been

2  admitted.

3      MS. LEONARD:  On the jury charges, you just want the

4  substantive charges.  You don't want all of the --

5      THE COURT:  You do not have to give the "your service

6  as a juror is important."  I've got all of those -- I don't

7  want to call them fluff instructions.  Each one is important.

8  But the instructions that are specific to your case and the law

9  that applies to your case, that's what I would like for you to

10  give to me; or if there is an issue with a particular witness,

11  if you've got an expert witness or there's a credibility issue

12  for somebody specific that you need to have a specific

13  instruction, give me those.  But I've got all of my basic

14  instructions regarding deliberations and not talking to each

15  other before all of the evidence has been presented and they

16  start their deliberations.  All of those, I've got that.  That

17  should also cut down on the amount of work that you have to do,

18  so the jury instructions should not be too, too difficult.

19      MS. LEONARD:  Your Honor, I have one other question.

20  Does the Court or the defendant have any objection -- I know

21  when it comes to closing arguments, Ms. Palmer and I would like

22  to split it where one of us does the first part of the close

23  and the other does rebuttal.  Would that be acceptable?

24      THE COURT:  Yes.

25      MR. REDMOND:  No objection.

1          THE COURT:  That's fine for me.  Now, I wouldn't want

2    you to pass the baton to each other mid-argument, but if one

3    wants to do the initial and then one does the rebuttal, I think

4    that's fine.

5          And then I will certainly the morning of trial ask how

6    long you think you need for openings.  I'll give each of you

7    the same amount of time.  We will time you, and we will give

8    you a two-minute warning or a three-minute warning, however

9    much of a time limit warning you'd like so that you don't go

10   over, but I do keep things running pretty smoothly.

11         I generally will take a break in the morning and a

12   break in the afternoon and, of course, a lunch break.  I don't

13   cut off your witness mid-testimony to break for the day.  I

14   would wait until you get to a natural breaking point.  But if,

15   say, you've got a witness and you're done and it's 4:15 and

16   your next witness is going to be two hours, we'll probably

17   break for the day and bring your witness to start the next

18   morning as opposed to staying and keeping the jurors here.  I'm

19   very cognizant of their need to get home to their families and

20   to take a break, and absent some compelling reason to start

21   early or go late, I don't generally like to do that.

22         That also will give us time to do things like work on

23   jury instructions after the jury has left for the day or handle

24   any evidentiary issues that we know are coming or a witness

25   issue that you may have schedule-wise for getting somebody

1   here.  We can work all of those things out before or after the

2   jury leaves.

3        But, at the same time, if you've got a witness who is

4   on the stand and things are flowing really well and it's 5

5   o'clock, I'm not going to tell you you have to stop until we

6   get either to a natural break or the testimony is over.  And if

7   you foresee any of those types of issues, just let me know and

8   we can work those out to make sure that the schedule is good

9   for everybody.

10        Sidebars are fine to a point.  They can become

11   excessive, so try to -- if we need to handle something, let's

12   do it either on a break or keep the sidebars to a minimum.  It

13   just breaks up the testimony, and I think it's frustrating to

14   the jury as well.

15        Any other questions?

16        MR. REDMOND:  I've got a couple other issues I would

17   like to bring to the Court.

18        THE COURT:  Sure.  Go ahead.

19        MR. REDMOND:  Your Honor had asked about motions in

20   limine, and so I wanted to go ahead and mention this one.  We

21   will file a motion in limine to keep the plaintiff from making

22   any reference to her filing of the EEOC charge.

23        In the plaintiff's -- well, first, I'll start with

24   this.  Nowhere in the complaint is there an allegation that

25   plaintiff is bringing a participation claim.  There is no

35

1    reference in the complaint to her EEOC charge that's the basis
2    for her protected activity.  The pretrial doesn't make any
3    reference that the EEOC charge is the protected activity.
4    We've always understood it was the internal complaints that she
5    made.
6           But that notion kind of creeped into the plaintiff's
7    opposition to the motion for summary judgment and was, in fact,
8    referenced in the Court's memorandum opinion.  And I guess the
9    best way for me to address that now would be to file a motion
10   in limine to prohibit any reference to that, because we've
11   never understood that to be the basis for the plaintiff's
12   retaliation claim.  And I think we mention that in our motion
13   to reconsider as sort of a minor corollary to the overall issue
14   that we raised.
15          I have a couple of other things, but I'll stay with
16   this one if you want to ask them or --
17          THE COURT:  Do you all want to respond?
18          MS. LEONARD:  Obviously, Your Honor, we're going to
19   want to see the briefing on it.  We think we've made that --
20   you know, we've made it clear that that's one of the protected
21   acts.  There was a lot of time spent on it in her deposition.
22   One of the stipulated facts in the current version of the
23   pretrial order references Ms. Key going to the EEOC's office.
24   You know, a lot of this -- you know, yes, we do contend the
25   initial internal complaints are the first protected activity,

1    but we in no way have limited it to that.

2           This is something the defendant has had a fair

3    opportunity to engage in discovery on.  They deposed Ms. Key.

4    They've been able to pursue discovery on that issue.  We

5    definitely want to be able to brief that issue, but, you know,

6    I think that that's part of it because it is another protected

7    act between her internal complaint and her not getting a job

8    anywhere.

9           THE COURT:  All right.  Go ahead.

10          MR. REDMOND:  The next issue, Your Honor, we had a bit

11   of an informal understanding with plaintiff's counsel that if

12   we were going to use Gloria Robinson either at summary judgment

13   or at trial, that we would give them the opportunity to take

14   her deposition.  We did not use her at summary judgment.  We

15   intend to have her come testify at trial.  She's an important

16   witness now.

17          I was talking with plaintiff's counsel that if she

18   believes our agreement allows them to take her deposition, I

19   would have no objection to that if the Court has none, if the

20   parties can agree on that.

21          THE COURT:  To take Ms. Robinson's deposition?

22          MR. REDMOND:  Yes.

23          THE COURT:  Would it be a trial deposition to be read

24   at trial or would it be a discovery deposition?

25          MR. REDMOND:  It is certainly possible that it would

1    be a trial deposition.

2        THE COURT:  All right.  Is there any objection to her

3    being deposed?

4        MS. LEONARD:  Your Honor, I think that's something

5    that, quite honestly, we need to discuss it.  In theory,

6    obviously if she's going to appear live at trial, we want to be

7    prepared and have an opportunity to examine her.  Because we

8    tried to pursue her deposition before, but she wasn't being

9    responsive to us and she wasn't being responsive to

10   Mr. Redmond, and she lives out of state so we didn't really

11   have the ability to subpoena her.

12       The practical issue we've got is we basically have a

13   month between now and then, and so finding the time to be able

14   to do that in such a way that makes sense -- I mean, we don't

15   oppose to trying to take her deposition if it works within our

16   schedule.  We would oppose the defendant unilaterally saying,

17   well, we want to depose her on this day and we're going to

18   designate it as a trial deposition at this point, because they

19   could have pursued her trial deposition before.  The agreement

20   anticipated we wanted to talk to her and avoid any unfair

21   surprise by her testimony.

22       So I know that sounds like we're basically saying,

23   well, we only want to do it if we only want to do it, but that

24   is kind of what we're saying.  They've had access to her all

25   along and could have been able to do that.  So I guess --

1      THE COURT:  I thought you said he tried to get in

2   touch with her and was unable to?

3      MS. LEONARD:  He did.  I'm saying if they're able to

4   get to her now, I mean, he's still going to have the ability to

5   speak with her to prepare her to present her for trial.  What I

6   want to avoid is ultimately the defendant saying, well, now we

7   want to take her as a trial deposition, because the spirit of

8   our agreement was that we would have the ability to depose her

9   so that we could cross-examine her on any anticipated testimony

10   the defendant may offer.  The spirit of the agreement

11   anticipated we would not be subject to unfair surprise with her

12   testimony, not that they could take a deposition to use in lieu

13   of live testimony in court.

14      THE COURT:  Well, is the alternative, then, that she

15   just comes and testifies live?

16      MS. LEONARD:  It may be.  And that's part of what

17   we're looking at.  Ms. Palmer's got oral argument in front of

18   the Eleventh Circuit at the end of next week.  I'm working on

19   this trial and another trial.  And so that's just one of the

20   issues is, you know, with the demands of our other cases,

21   trying to find a time to depose her is going to be the biggest

22   challenge, and if finding a time to depose her does not work

23   within our schedules to where it might cause prejudice to other

24   cases, then we'd probably rather just take her live on the

25   stand than do a deposition in advance.

1          THE COURT:  Are you saying, then, that he would be

2   precluded from talking to her?

3          MS. LEONARD:  Oh, no, no, no.  I mean, if he wants to

4   talk to her and bring her live, then that's -- kind of like you

5   were saying, then we run the risk there of not being prepared.

6          What I want to avoid is ultimately we decide not to

7   take her deposition because our schedules just don't permit us

8   to be able to get that in before the trial of the case; then

9   the defendant sends us over a notice and says, I'm doing a

10  trial deposition of her on this date via Zoom, be there or be

11  square, and then we're put in an odd position.  So we're not

12  agreeing to that type of scenario.

13         You know, and we'll let Mr. Redmond know.  We've got a

14  two-hour drive back to Birmingham, so we'll be comparing our

15  schedules there, and if it looks like something we can do,

16  we'll let him know in the next day or so, yeah, let's try and

17  take her deposition on these days.  And if we do, I don't have

18  a problem designating it as a trial deposition that we could

19  video and play for the jury at that point because I think that

20  serves better economy.

21         MR. REDMOND:  Well, does the Court have any objection

22  to us designating it as a trial deposition instead of making

23  her come here from South Carolina?

24         THE COURT:  I do not.  I've had trial depositions

25  taken.  I've had them taken during trial where the lawyers left

1    trial during the day and deposed somebody that night.  So I

2    don't have any -- I won't preclude it.  I would ask that you

3    all, to the extent that you can, work together to make that

4    happen.  Obviously, it sounds like you both want her testimony.

5    If she can be here live, that's always preferable, but if she

6    can't be, I'd like for you all to work out how you can best do

7    that.

8         MR. REDMOND:  And in this new post-COVID world where

9    this became a little more prevalent, would the Court entertain

10   a motion to have her testify remotely?

11        THE COURT:  Yes.

12        MR. REDMOND:  Last issue, Your Honor.

13        THE COURT:  Go ahead.

14        MR. REDMOND:  This is one that I talked briefly with

15   the plaintiffs out there.  Does the Court have any interest in

16   us asking it to certify its order as a final order under Rule

17   54 so that we avoid the possibility of having to have multiple

18   trials arising out of at least some of the same facts?  I don't

19   want to waste time considering that if the Court says it has no

20   interest in that.

21        THE COURT:  So that you can take an immediate appeal?

22        MR. REDMOND:  So that the plaintiff can take an

23   immediate appeal on what's been decided yet, and we would

24   continue this trial until the Eleventh Circuit rules on

25   whatever appeal they intend to take.

```
 1        THE COURT:  Well, I don't generally tell the lawyers
 2   that they can and can't file certain motions.
 3        MR. REDMOND:  I just wanted to raise with the Court
 4   that we are considering that in case the Court had any
 5   direction it wanted to give us on that question.
 6        THE COURT:  I do not.
 7        MR. REDMOND:  Okay.
 8        THE COURT:  I will let you all decide for yourself
 9   what motions you file, and I will rule on them.
10        MR. REDMOND:  Thank you, Your Honor.
11        THE COURT:  You're welcome.  Anything else?
12        MS. LEONARD:  Do you really want a trial brief?
13        THE COURT:  No.  I'm glad you said that.  I'm never
14   interested in making lawyers do work that's unnecessary and
15   unhelpful for you to prepare for trial.  If there is an issue
16   that you are dying to highlight and bring to my attention and
17   you think will actually make the trial more efficient, I'm
18   happy to entertain them.  But if you do not want to file a
19   trial brief, I am happy to not read it --
20        MR. REDMOND:  Thank you, Your Honor.
21        THE COURT:  -- I think is the best way to say that.
22        Do you anticipate needing special interrogatories to
23   the jury?  And if so -- or a special type of verdict form?  If
24   so, I would ask that you bring those to court no later than the
25   first morning of trial, and work on it together and see if you
```

```
1   all can agree.  If you can't agree, that's fine.  I'll make a
2   decision.  But if you can bring a jointly proposed verdict form
3   with special interrogatories, to the extent you think they're
4   necessary, get those submitted, bring them the first morning of
5   trial, and I will make a decision.  I'll put that in the order.
6          MS. LEONARD:  Does Your Honor have a specific format
7   you want for the exhibit stickers on exhibits?  Like in the
8   Northern District how they've got the big Avery labels that
9   we're supposed to use that are color-coded based on the side.
10  I know our anticipation, if the Court doesn't have a
11  preference, is loading our exhibits into TrialPad that
12  generates its own little sticker on it that would have the case
13  number and then basically plaintiff's exhibit and then whatever
14  the number is.  I just didn't know if you had a preference.
15         THE COURT:  I don't have a preference.  Whatever is
16  easiest for you is fine with me.
17         MS. LEONARD:  Okay.
18         THE COURT:  All right.  So I will be on the lookout
19  for your updated proposed pretrial order.  I will just delete
20  the section about trial briefs.
21         I did have a question.  In the section that you had
22  submitted on pleadings, the defendants ask that I treat certain
23  motions as pleadings under Rule 7.  Do you have any authority
24  for doing that?  I've looked at Rule 7.  It doesn't contemplate
25  including motions as pleadings.
```

1          MR. REDMOND:  I have none, Your Honor.  Frankly, I
2     think this was from one of my codefendants who suggested this.
3          THE COURT:  All right.  I'm sure you'll take care of
4     that in your new proposed pretrial order, then.
5          All right.  I think I've covered everything I wanted
6     to cover.  Is there anything else you all want to bring up now?
7     I think the theme of all of my trials is the more you can work
8     together and make stipulations or agree on exhibits, I'm happy
9     to accommodate just about anything that you want to do to make
10    the trial move more efficiently and easier.  If you can't agree
11    on something, I'm certainly happy to resolve the conflict, but
12    to the extent that you can come to some agreements on the way
13    in which to try the case, that's always optimal for everyone.
14         And if you don't have any questions, then I will plan
15    to see you here the morning of trial.  You have the deadlines
16    that I've given you for the other submissions.
17         All right.  Very good.  Thank you.  Feel free to stay
18    in the courtroom and talk if you need to.
19         MR. REDMOND:  Thank you, Your Honor.
20         THE COURT:  Thank you.  We're adjourned.
21    (Proceedings concluded at 3:02 p.m.)
22
23
24
25

```
1                    COURT REPORTER'S CERTIFICATE

2          I certify that the foregoing is a correct transcript from

3    the record of the proceedings in the above-entitled matter.

4          This 2nd day of July, 2024.

5

6

7                                   /s/ Blanton Callen

8                                   Official Court Reporter

9                                   Registered Professional Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```