No. 24-11069

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

DAVITA KEY,
*Plaintiff/Appellee*

v.

DYNAMIC SECURITY, INC.
*Defendant/Appellant*

Appeal from the United States District Court for the Middle District of Alabama, Northern Division

No. 2:19-cv-767-ECM

_____

APPELLANT DYNAMIC SECURITY, INC.'S REQUEST FOR CLARIFICATION OF TIME ALLOWED FOR ORAL ARGUMENT OR, ALTERNATIVELY, MOTION FOR ADDITIONAL TIME FOR ORAL ARGUMENT

_____

> Wesley C. Redmond
> Susan W. Bullock
> FordHarrison LLP
> 420 20th Street North, Suite 2560
> Birmingham, AL  35203
> wredmond@fordharrison.com
> Phone: 205-244-5905
> sbullock@fordharrison.com
> Phone: 205-244-5904
> *Counsel for Defendant/Appellant,*
> *Dynamic Security, Inc.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1, Appellant Dynamic Security, Inc. submits the following list of all judges, attorneys, individuals, associations, firms, partnerships, or corporations having an interest in the outcome of this appeal:

Bae, Yurie Yeoul (Attorney for Defendant/Appellee Hyundai ENG America, Inc.);

Bond, Cortlin (Attorney for Defendant/Appellee Hyundai ENG America, Inc.);

Bradley Arant Boult Cummings, LLP (Counsel for Defendant/Appellee Hyundai ENG America, Inc.);

Brown, Whitney R. (Attorney for Defendant/Appellee Hyundai Motor Manufacturing Alabama, LLC);

Bullock, Susan W. (Attorney for Defendant/Appellant Dynamic Security, Inc.);

DeWeese & Bae, LLC (Counsel for Defendant/Appellee Hyundai ENG America, Inc.);

DeWeese, Richard L., Jr. (Attorney for Defendant/Appellee Hyundai ENG America, Inc.);

Doyle, The Honorable Stephen M., United States Magistrate Judge for the Middle District of Alabama;

Dynamic Security, Inc. (Defendant/Appellant);

FordHarrison, LLP (Counsel for Defendant/Appellant Dynamic Security, Inc.);

Gilbride, Karla (General Counsel for Amicus Curiae The Equal Employment Opportunity Commission);

Goldstein, Jennifer S. (Associate General Counsel for Amicus Curiae The Equal Employment Opportunity Commission);

Heather Leonard, P.C. (Counsel for Plaintiff/Appellee Davita M. Key);

Hyundai ENG America, Inc. (Defendant/Appellee);

Hyundai Motor Manufacturing Alabama, LLC (Defendant/Appellee);

Key, Davita M. (Plaintiff/Appellee);

Lehr Middlebrooks Vreeland & Thompson, P.C. (Counsel for Defendant/Appellee Hyundai Motor Manufacturing Alabama, LLC);

Leonard, Heather (Attorney for Plaintiff/Appellee Davita M. Key);

Marks, The Honorable Emily C., Chief Judge, United States District Court for the Middle District of Alabama;

Middlebrooks, David J. (Attorney for Defendant/Appellee Hyundai Motor Manufacturing Alabama, LLC);

Miller, T. Matthew (Attorney for Defendant/Appellee Hyundai ENG America, Inc.);

Occhialino, Anne Noel (Assistant General Counsel for Amicus Curiae The Equal Employment Opportunity Commission);

Palmer Law, LLC (Counsel for Plaintiff/Appellee Davita M. Key);

Palmer, Leslie A. (Attorney for Plaintiff/Appellee Davita M. Key);

Redmond, Wesley C. (Attorney for Defendant/Appellant Dynamic Security, Inc.);

Rogers, Andrew (Acting General Counsel for Amicus Curiae The Equal Employment Opportunity Commission);

Sharon, Chelsea C. (Attorney for Amicus Curiae The Equal Employment Opportunity Commission);

Smith, Scott Burnett (Attorney for Defendant/Appellee Hyundai ENG America, Inc.);

Vaughn, Sarahanne Young (Attorney for Defendant/Appellee Hyundai ENG America, Inc.).

Pursuant to Fed. R. App. P. 26.1-3(b), Dynamic Security, Inc. states that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

<u>Corporate Disclosure</u>. Pursuant to Fed. R. App. P. 26.1, and 11th Cir. R. 26.1-1, 26.1-2 and 26.1-3, Defendant/Appellant Dynamic Security, Inc. submits this Corporate Disclosure, stating as follows: Dynamic Security, Inc. has not issued shares or debt securities to the public. Furthermore, no parent, subsidiary, or affiliate of Dynamic Security, Inc. has issued shares of debt securities to the public, nor does any publicly owned company own ten percent or more of the stock of Dynamic Security, Inc. Defendant/Appellant Dynamic Security, Inc. is not aware of any other entity likely to be an active participant in the proceedings.

       */s/ Wesley C. Redmond*
       Wesley C. Redmond
       Susan W. Bullock
       FORDHARRISON, LLP
       420 20th Street North, Suite 2560
       Birmingham, AL  35203
       T (205) 244-5905/(205) 244-5904
       Email: wredmond@fordharrison.com
       Email: sbullock@fordharrison.com

       *Counsel for Defendant/Appellant*
       *Dynamic Security, Inc.*

# **APPELLANT DYNAMIC SECURITY, INC.'S REQUEST FOR CLARIFICATION OF TIME ALLOWED FOR ORAL ARGUMENT OR, ALTERNATIVELY, MOTION FOR ADDITIONAL TIME FOR ORAL ARGUMENT**

Appellant Dynamic Security, Inc. ("Dynamic") respectfully requests the Court to clarify that the Appellant and Appellee in the above-referenced Appeal have 30 minutes combined to argue the above-referenced Appeal (separate from the 30 minutes provided in Appeal No. 24-11126) or, alternatively, moves the Court pursuant to Rules 27 and 34 of the Federal Rules of Appellate Procedure, and Eleventh Circuit Rules 27-1 and 34-4, for additional time for oral argument. In support of this motion, Dynamic states as follows:

1.  Appeal No. 24-11069 arises out of a jury verdict entered in the United States District Court for the Middle District of Alabama in favor of Appellee Davita Key ("Key") and against Dynamic on Key's 42 U.S.C. § 1981 retaliation claim (the "Jury Verdict Appeal").

2.  Appeal No. 24-11069 and Appeal No. 24-11126 are consolidated for purposes of the Appeal. (Doc. 21).

3.  Appeal No. 24-11126 arises out of decisions by the United States District Court for the Middle District of Alabama granting a motion to dismiss and various motions for summary judgment for the Appellees on Key's claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as

1

amended, and 42 U.S.C. § 1981 (the "Motion to Dismiss/Summary Judgment Appeal").

4. The Jury Verdict Appeal and the Motion to Dismiss/Summary Judgment Appeal both arose out of the same civil action in the United States District Court for the Middle District of Alabama. Key's 42 U.S.C. § 1981 retaliation claim that resulted in the Jury Verdict Appeal is the only claim that survived the motions to dismiss and the summary judgment motions in the district court.

5. The oral argument calendar sets both the Jury Verdict Appeal and the Motion to Dismiss/Summary Judgment Appeal as the last argument for Wednesday, November 19, 2025. The Calendar states that the two Appeals are consolidated but otherwise does not identify how the two Appeals will be handled for purposes of oral argument.

6. For briefing purposes, the two Appeals were treated separately with two separate Appeal numbers. (Doc. 21). Accordingly, the undersigned assumes the Jury Verdict Appeal (Appeal No. 24-11069) oral argument is set for 15 minutes each side, permitting Appellant 15 minutes and Appellee 15 minutes for oral argument, without any consideration of the 30 minutes allowed the Parties on the Motion to Dismiss/Summary Judgment Appeal.[1]

---

[1] By this motion, Dynamic does not intend and should not be construed to be seeking any reduction in the time allowed to the Parties in Appeal No. 24-11126.

7. Therefore, in order to prepare appropriately, Dynamic requests the Court clarify that Appellant and Appellee will both have a separate and full 15 minutes to argue the Jury Verdict Appeal (Appeal No. 24-11069).

8. Alternatively, if the Court denies the request to clarify that Dynamic and Key have a separate 30 minutes to argue the Jury Verdict Appeal, Dynamic requests the Court provide it an additional 15 minutes to argue in connection with the consolidated Appeals. The issues in the Jury Verdict Appeal and the Motion to Dismiss/Motion for Summary Judgment Appeal are significantly different. The Jury Verdict Appeal involves procedural issues (including a jury trial waiver), substantive issues of whether sufficient evidence exists to establish Key's retaliation claim, evidentiary issues, jury charges issues, and damages issues. Those issues could not be covered adequately in less than 15 minutes.

9. The Motion to Dismiss/Summary Judgment Appeal involves, in addition to whether substantial evidence existed to support Key's retaliation claim, issues regarding Key's discrimination claim, a disparate impact claim, a statute of limitations argument on Key's Title VII claims against Dynamic, and an exhaustion of administrative remedies argument.

10. Allowing the additional time before the day of argument will allow the Panel to ensure it has time to hear argument and have its questions answered.

11. Dynamic has no objection to Key also being provided the same additional 15 minutes Dynamic seeks.

12. Key has no objection to this Motion as long as Key is provided the same 15 minutes provided to Dynamic either to argue the Jury Verdict Appeal (Appeal No. 24-11069) separately or as additional time to argue the consolidated Appeals.

13. Dynamic is aware that requests for additional time are sparingly granted. However, in light of the number of parties and the number of substantive issues, additional time for oral argument in the consolidated Appeals is appropriate.

Accordingly, and for all of the reasons stated above, Appellant Dynamic Security, Inc. moves this Court to clarify that Dynamic and Key are both allowed 15 minutes to argue the Jury Verdict Appeal (Appeal No. 24-11069) in addition to the time allowed to argue the Motion to Dismiss/Summary Judgment Appeal (Appeal No. 24-11126) or, alternatively, to provide Dynamic and Key 15 minutes of additional time for oral argument in the consolidated Appeals.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203

wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

*Attorneys for Appellee,
Dynamic Security, Inc.*

## Certificate of Compliance

Pursuant to Fed. R. App. P. 32(g), the undersigned certifies this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This document contains 1582 words excluding those parts exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type-style requirements of Fed. R. App. P. 32(a)(6).

Dated: November 7th, 2025

Respectfully submitted,

*/s/Wesley C. Redmond*
OF COUNSEL

## Certificate of Service

I certify that, on November 7th, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Counsel for all parties registered as CM/ECF users will be served with the foregoing document by the Court's CM/ECF system.

*/s/Wesley C. Redmond*
OF COUNSEL
